CHARLOTTE COUNTY, *Plaintiff in Error*, vs. CLAY CHADWICK, et al, *Defendants in Error*.

135 So. 502.

Division B.

Opinion filed June 24, 1931.

164

*Thomas W. Butler* and *W. D. Bell*, of Arcadia, for Plaintiff in Error;

*Leitner & Leitner*, of Arcadia, for Defendants in Error.

DAVIS, J.—This is a writ of error taken to an order of the Circuit Court of Charlotte County granting a new trial at law. Section 4615, C. G. L., 2905 R. G. S. The defendants in error were plaintiffs in the Court below in a suit brought by them to recover from Charlotte County the sum of $18,-512.28 as compensation for having handled $1,831,238.44 as Bond Trustees for Charlotte County under Chapter 10409, Acts of 1925, Laws of Florida, considered in connection with Sections 1544 to 1549, both inclusive, Rev. Gen. Stats. At the trial verdict was returned for the defendants, and upon motion of the plaintiffs the new trial complained of was granted.

In the case of Jackson Bros. Lbr. Co. v. Yaeger & Mc-Caskill, 80 Fla. 611, 86 So. 500, this court held, with regard to writs of error from orders granting new trials at law, as follows: ''Where the verdict is a proper one on a fair consideration of all the evidence and no rule of law or procedure has been violated to the material injury of either party, a new trial should be granted.'' An order granting a new trial in that case was reversed on the principle stated.

In this case it appears that under Chapter 10409, Laws of Florida, Acts of 1925, the County Commissioners of

Charlotte County, Florida, in their corporate capacity were authorized to issue bonds of said County to an amount not exceeding $2,000,000.00 in addition to the bonds then outstanding. One Section of that Act reads as follows: ''Trustees shall be appointed for said bonds and they shall exercise the powers and perform the duties in regard thereto as are prescribed in Sections 1544 to 1549, both inclusive, of the General Statutes of the State of Florida.'' (Section 5).

Sections 1544 to 1549, both inclusive, R. G. S. (2322-2327 C. G. L.), provide that when the County Commissioners shall have issued bonds they shall appoint by resolution of their Board, to be recorded in the Minutes, a financial committee of three persons who shall be resident freeholders of the County, to be styled ''Trustees of County Bonds'', and who shall perform certain duties prescribed in the statutes with reference to the receipt and disbursement of moneys as such Trustees. For the services performed in such connection compensation is provided as follows: ''For receiving the first $10,000.00, 1½% ; for all over $10,000.00, one-half of 1% ; for disbursement, the same as allowed for receiving, to be paid out of the County Treasury.'' (Section 1549 R. G. S., 2327 C. G. L.).

For the purpose of disposing of this case, we may take it for granted that the effect of Section 5 of Chapter 10409, acts of 1925, is to make Section 1549 R. G. S. (2327 C. G. L.) a part of the special act by reference as much as would be the case with reference to the other designated Sections of the Revised General Statutes which are referred to in said Section 5.

This being true, it remains to be decided as to whether or not there is anything in the Statute prescribing the compensation of Bond Trustees which authorizes such Bond Trustees to recover a judgment against the County for unpaid compensation as such Trustees, conceding that they sufficiently establish their right to such compensation.

The Bond Trustees provided for by Statute are not county officers because they are not appointed by the Governor, nor elected by the people, nor do they perform such functions as would make them officers in view of that term as it has been defined by this Court. See Suburban Inv. Co. vs. Hyde, 61 Fla. 809, 55 So. 76. There is therefore no constitutional requirement that the compensation of County Bond Trustees shall be paid from the general funds of the County as is provided for by Section 15 of Article XII of the Constitution with reference to County Officers.

It is the view of the Court that the proper construction of Sections 1544 to 1549, both inclusive, R. G. S. (2322-2327 C. G. L.), is to the effect that the compensation of County Bond Trustees therein provided for shall be payable out of the county bond funds and not out of the general county funds raised by county taxation. The compensation provided for is in the nature of a commission on the moneys handled and there is nothing in the Statute to indicate that such commission is to be payable out of the general county funds. On the contrary, the idea is clearly implied, if not directly expressed in the statute that the compensation of the Bond Trustees is to consist of a certain part of the bond moneys handled to be retained by the Trustees as compensation for their services according to the schedule fixed by law.

In this case, the recovery sought was a general judgment against the County of Charlotte and had a verdict been returned for the plaintiffs and judgment entered thereon against the County, the effect of such judgment would have been to impose on the county a general liability which would have to be discharged by general taxation as an outstanding indebtedness of the county. To permit a recovery under such circumstances would in effect allow County Bond Trustees to enforce a claim against the county not because it is a claim for which the County is liable by law,

but because the compensation to which they would be entitled has not been paid out of the fund and in the manner provided by law.

. It may be true that due to the exhaustion of the bond fund, as suggested in this cause, that the defendants in error will entirely lose their commissions if they are not permitted to recover the same against the County, but this furnishes no reason why liability which does not exist according to law shall be imposed in the particular case to avoid such result.

It follows that since there was no liability shown by the evidence there can be no recovery. The verdict for defendant should accordingly be allowed to stand, and the motion for a new trial denied.

The order granting a new trial is reversed and the cause is remanded with directions to enter final judgment for defendants below on the verdict, unless a motion in arrest of judgment or for judgment *non obstante veredicto* shall be made and prevail. See Section 4615 C. G. L. 2905, R. G. S.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.