William Ralph Lutins v. State.

194 So. 803

Division A

Opinion Filed March 19, 1940

Rehearing Denied April 4, 1940

*Carlton C. Arnow,* for Plaintiff lin Error;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,*

and *William Fisher, Jr.,* Assistant Attorneys General, for Defendant in Error.

BUFORD, J.—To judgment of conviction of the offense of knowingly buying and receiving stolen property, defendant sued out writ of error.

Plaintiff in error challenges the sufficiency of the evidence. The evidence has been examined and found sufficient.

Plaintiff in error challenges the correctness of the trial court's charge to the jury. There was no objection to the charge, no reference to same in motion for new trial and no assignment of error based thereon. While we may properly ignore the question presented, we have considered the entire charge as reflected by the transcript and find no reversible error therein.

The action of the court in permitting the court reporter to read to the jury, at the request of the jury made after the case had been submitted and when the jury returned to the court room and made such request, the stenographic notes reflecting the testimony given by certain witnesses when the jury had asked for the reading of the testimony of only one witness is also challenged.

A similar question was presented in the case of Barton v. State, 72 Fla. 408, 73 Sou. 230.

On authority of the opinion and judgment in that case, we hold that the matter complained of was one to be disposed of by the exercise of the sound judicial discretion of the trial court. No abuse of discretion having been made to appear, no reversible error is shown.

On consideration of the entire record, we find no reversible error. So the judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.