CHARLIE BROWN v. STATE OF FLORIDA

12 So. (2nd) 292                    January Term, 1943
March 5, 1943                       En Banc

*Elmore Cohen,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

THOMAS, J.:

Appellant ran his victim down and killed her with a knife in circumstances that would have justified a verdict of guilty of murder in the first degree. He cannot, therefore, complain of his conviction of murder in the second degree.

He questions compliance by the court with the provisions of Section 4368, C.G.L., 1927, Section 54.22, Florida Statutes, 1941, relating to the manner in which a jury may be required further to consider a case after reporting to the court an inability to agree.

The statute comes into play when, following the court's instructions on the controlling law and the jury's retirement to consider the case, they return to the courtroom to announce a failure to accord. It is within the court's province, under the cited statute, then to determine whether there has been "due and thorough deliberation upon [the] cause." Even if this question be decided in the affirmative it is within the court's power to explain to them anew the law applicable to the case, and . . . send them out again for further delib-

eration." We interrupt at this point to describe the first visit to the courtroom of the jury impaneled in the instant case. A request was made for information about some of the testimony—it was denied—and the jury again retired to the jury room. Adverting to the statute, it is provided there that "if they shall return a second time without having agreed on a verdict, they shall not be sent out again without their own consent, unless they shall ask from the court further explanation of the law." We interpret this language to mean that the first and second appearances contemplated in the law are those made by a jury of its own volition for the purpose of reporting to the court a failure to reach a verdict. In this case the jury first reported to learn about the evidence introduced or to hear additional testimony. This indicated that they had not duly and thoroughly considered the case but were in search of further information which would guide them in arriving at a finding. The record reveals that the second and third appearances were made in response to requests by the court that the jury enter the courtroom. It is true that in colloquy between the judge and one of the jurors it developed that they were having difficulty in agreeing, but the primary purpose of the judge in recalling the jury was to learn whether the court could aid them "in regard to the law of the case." He was authorized to do this under Section 221, Criminal Procedure Act, Section 919.06, Florida Statutes, 1941. The record is silent about a return to the court for the express purpose of announcing disagreement; about any request from the jury for additional instructions; and about their return to the jury room "without their consent." We have found no impropriety in the court's action and we have the view that the occurrences we have outlined show plainly that there was no violation of the provisions of the statute.

The jury first retired shortly before four o'clock in the afternoon and the procedure we have detailed occurred between that time and eight-thirty in the evening when a verdict was delivered. The appellant charges that error was committed when the judge required the jury to return finally to consider the case "without having their evening meal served," after it had been stated by the foreman, incidentally,

that they were meeting difficulty in arriving at a conclusion. The record contains no reference to a request from the jury that a meal be served or to any remark of the court on that subject. Provision for the comfort of the jury is a matter within the discretion of the court and we have not been shown that there was any abuse of it, nor have we discovered any possible harm that could have been done to the defendant because the court did not volunteer to have the meal served, even if that be the case.

It is claimed by the appellant that the court committed error in not granting the request of his attorney that the jury be allowed to take to the jury room all of the charges given by the court. It is provided in Section 219, Criminal Procedure Act, Section 919.04, Florida Statutes, 1941: "upon retiring for deliberation the jurors may, if the court permits, take or later have sent to them: . . . (2) Any written instructions given; but if any such instruction is taken or sent all the instructions shall be taken or sent." This is ample authority for delivering to the jury the charges of the court, however, it was within the court's discretion to grant the motion of counsel and we cannot decide from the record in this case that any abuse was committed by his denial.

The last point presented for determination is the correctness of the ruling of the trial court in declining a request of the jury "for some information in regard to some testimony of one witness. . . ." It is not clear from the record whether the jury wished to hear additional testimony from the witness or simply to have read the record of that testimony. If the former construction is applied the judge was obviously correct because of the provision of Section 22, Criminal Procedure Act, Section 919.07, Florida Statutes, 1941, prohibiting recall of jurors to hear additional evidence after they have retired for the consideration of their verdict. If the latter interpretation is applied the procedure was justified by Section 220, Criminal Procedure Act, Section 919.05, Florida Statutes, 1941, especially providing for the reading to the jury, "upon their request," of any testimony theretofore taken in the trial although "the jurors have retired to consider their verdict." Even following this interpretation,

however, it has not been made to appear that any injury was suffered by the defendant by reason of the court's refusal.

The judgment of the lower court is—

Affirmed.

BUFORD, C. J., TERRELL, CHAPMAN, ADAMS and SEBRING, JJ., concur.

BROWN, C. J., dissents.