SHANNON, Judge.
The appellant, defendant in the court below, files this appeal from his conviction for uttering a forged instrument.
The defendant has assigned four points on this appeal but in view of the fact that we will have to reverse the lower court upon the first point, the other three points raised are not decided. The first point is whether or not the failure of the court to have read to the jury portions of the testimony about which they are in doubt constitutes reversible error.
In order to get a clear picture to pinpoint the particular situation it is necessary to refer to the proceedings at trial. The jury received this case at 3:46 P.M. and at S :34 P. M. they were taken to dinner and returned at 7:00 P.M. At 7:56 P.M. the jury returned to the courtroom and the following took place:
“Member of the Jury: Your Honor, the gentlemen of the jury would like to ask if it’s possible for the Court to give us any record of the transcript on the dates involving January 11 when the two checks were passed. There are some time elements involved which we need refreshing on because, as you know, there were many names involved and many times that witnesses testified to and we wonder if it’s possible for us to get any of that information from the transcript to help us.
“The Court: Well, I see what you mean, but according to law, that is impossible, because if you pick out part of the transcript, you just have to remember the best you can. Of course, the trial has lasted seven or eight days. I know it’s hard to remember everything. There is no way, according to the law, that you can hear any more testimony or take any more evidence.
“Is there any other question?
“Member of the Jury: No, sir. That’s all the questions.
“ (The jury retired at 7:58.)
“(The jury returned at 8:02.)
“The Court: I find here, gentlemen, the statute which says after the jurors have retired to consider their verdict, if they desire additional instructions upon any point of law arising in the *578 cause, or to have any testimony about which they are in doubt or disagreement read to them, they shall, upon their request, be conducted into the Court room by the officer who has been in charge and there the court shall give them such additional instructions or shall order such testimony read to them. So it seems maybe we could have it read to you from that.
“Such instruction may be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant. I see you are both here.
“Now, I think we would have to let you look at the testimony. I mean the testimony, first, and see if you object to it.
* * * * * *
“The Court: All right. Now, exactly, what do you want to know? I mean, have you listed it there ?
“Member of the Jury: We didn’t list it, Your Honor, but it involved the testimony of Mr. Taylor and also the testimony of the State’s witnesses, the man involved at McAfee’s City Service Station, and the Jack Barnes’ Service Station. They were cross examined by both. That was the State’s witness.
******
“Member of the Jury: Those were the ones we were interested in there, the time element involved, and also the time element involved during Mr. Taylor, and the phone call that were (sic) directed to Mr. Taylor when his wife was to be picked up by the defendant.
* * * * * *
“Mr. Lenninger: We could do this if the prosecutor wants. Mr. Taylor, I presume he means by that, Mr. Phillip Taylor, or the defense witnesses. Is that correct ?
“Member of the Jury: Yes, sir.
“Mr. Lenninger: We could read Mr. Taylor’s testimony. That is, of course, the defense part.
“Member of the Jury: He was cross examined.
***** * “Member of the Jury: We do believe that it would be in respect to Wright or Wagner.
******
“The Court: As I understand it, Mr. Taylor’s testimony on direct examination by the State was not transcribed. Is that it?”
The jury returned at 10:42 P.M. with a verdict. The transcript of testimony is somewhat confused by the attorney for the state and for the defendant, in trying to answer the questions of the jury, but the jury asked for specific portions of the testimony to be read to them which was not available at that time.
We find that all of the testimony was reported. There seems to have been some question in the mind of the court below as to whether or not the testimony had been taken.
The defendant by his own testimony and by the testimony of Phillip Taylor attempted to prove an alibi for the night in question, and in substance testified that on the evening of July 11, 1957, the defendant was with him from some time prior to 7:00 P.M. until 10:00 P.M. that night, whereas the state’s witness, Roy N. Wright, had testified to the defendant’s passing the check that night between 6:00 and 7:30 P.M. and the state’s witness, Clarence B. Wagner, testified that the defendant came in his place of business between 7:00 and 8:00 o’clock that night.
The fact that the jury wanted to have all of this testimony read directly to them to get the particular time that the defendant was alleged to have passed the checks was very material and we cannot say that the re *579 fusal to read such testimony to them was non-prejudicial.
In Nelson v. State, 1941, 148 Fla. 338, 4 So.2d 375, it was held that where a trial court denied a similar request for a portion of the testimony to be read, it was error, although in that case the court went on to examine the entire testimony and determined that no reversible error had been committed, as the part which was not read to the jury was consistent with the rest of the evidence, and could not have influenced a verdict. The evidence in the present case that the jury wished read to them was not consistent with all the testimony, and clearly a portion of it was, if believed by the jury, sufficient to sustain a verdict for the defendant.
We had the question before us in Bates v. State, Fla.App.1958, 102 So.2d 826, 830, decided the 2nd day of May, 1958, in which, while we did not reverse the case, we held that having raised the question for the first time on his motion for a new trial, the question had not been properly preserved and the court said:
“Bates’ counsel at the trial never questioned the correctness of the court’s ruling when it was made. The question was raised for the first time in his motion for new trial and is assigned as error here. The error, if it was such, in rejecting the request of the foreman (See Hysler v. State, 1923, 85 Fla. 153, 95 So. 573; Hall v. State, 1935, 119 Fla. 38, 160 So. 511; Handley v. State, 1936, 125 Fla. 632, 170 So. 748) was not, under familiar rules announced in the above cases, preserved for review. Nor do we consider the error, if any, of such a fundamental character as to warrant our consideration in the absence of being properly preserved. Moreover, while the statute contains mandatory words, it must be construed as the Supreme Court has heretofore construed it (Lutins v. State, 1940, 142 Fla. 288, 194 So. 803; Nelson v. State, 1941, 148 Fla. 338, 4 So.2d 375; Brown v. State, 1943, 152 Fla. 508, 12 So.2d 292) to vest in the trial court’s discretion as to the extent and circumstances in which it may be employed. Furr v. State, 1942, 152 Fla. 233, 9 So.2d 801, presents a factual situation greatly at variance with that presented here. * * * ”
In the case of Furr v. State, 1942, 152 Fla. 233, 9 So.2d 801, 802, the jury, after having spent several hours in the jury room, returned to the courtroom and the following incidents occurred:
“ ‘A Juror: (Addressing the Court). A question came up; some contend that part of the testimony was one thing, and some contend another thing.
“ ‘The Court: I don’t think it is proper for you to reveal your deliberations, until you come back in with a report. I cannot discuss the testimony with you.’
* * ‡ * * *
“It is clear that the jury gave the Court to understand that some jurors remembered the testimony of some witness or witnesses one way, while others remembered it another, and that it was necessary for a fair trial that this misunderstanding be cleared up.
a|< >j: ‡ ‡ Jfi
“It was the duty of the trial court when the jury returned into court room after having deliberated in the jury room for several hours and made the announcement to the trial court, ‘A question came up; some contend that part of the testimony was one thing and some contend another thing’, to then ascertain which witness it was whose testimony was the subject of disagreement and, if that witness had given any material testimony, to then have the testimony of such witness read to the jury. * * * ”
This court had before it a similar question in Jackson v. State, Fla.App., 107 So.2d 247, and not yet reported, but in that case it *580 appeared from the record that the request by the jury was for additional testimony and not for the purpose of having any of the testimony already taken read back to them.
We realize that the question is a close one but we also realize that there was considerable doubt in the jury’s mind concerning the very testimony which they wished read to them and this testimony was material to the case. The testimony was taken down and the failure of the court to have it read back to the jury at their request was error, and by the very nature of the testimony the error was not harmless, as it was in Bates v. State, supra, and Nelson v. State, supra.
Reversed.
KANNER, C. J., and ALLEN, J., concur.