123 So.2d 339 (1959)
McALLISTER HOTEL, INC., Appellant,
v.
John E. PORTE, Appellee.
Supreme Court of Florida.
October 16, 1959.
On Rehearing July 8, 1960.
On Suggestion of Disqualification October 7, 1960.
Rehearing Denied October 17, 1960.
*340 Anderson & Nadeau, Miami, for appellant.
H. Reid DeJarnette of Dixon, DeJarnette, Bradford & Williams, Miami, for appellee.
PER CURIAM.
This case was before us on a previous occasion. McAllister Hotel, Inc. v. Porte, Fla., 98 So.2d 781.
The case was re-tried in the Circuit Court and resulted in a jury verdict in favor of the defendant McAllister. Concluding that the jury had arrived at its verdict by mistake and had misconceived the issues, the trial judge granted a new trial in the interest of what he deemed to be the justice of the cause. We are now asked to reverse the order granting the new trial.
We have carefully examined the briefs in the light of the record and appendices. We are not constrained to conclude that in awarding the new trial the circuit judge abused the sound judicial discretion that was his to exercise. Our ultimate judgment is controlled by our opinion in Cloud v. Fallis, Fla. 1959, 110 So.2d 669 and the principles thereby announced. On the authority of the last cited decision and the cases therein discussed, the judgment under assault is 
Affirmed.
TERRELL, HOBSON, ROBERTS and THORNAL, JJ., concur.
THOMAS, C.J., and DREW and O'CONNELL, JJ., dissent.
DREW, Justice (dissenting).
The per curiam order of affirmance in this case holds that "[o]ur ultimate judgment is controlled by our opinion in Cloud v. Fallis (1959), 110 So.2d 669, and the principles thereby announced."
*341 Cloud v. Fallis, supra, dealt solely with the question of the power of a trial court to grant a new trial on the ground that the verdict of the jury was contrary to the manifest weight of the evidence in the cause. No such finding was made by the trial court in this case. On the contrary, his order granting the new trial on the sole basis of the assertions in ground seven, infra, in effect overruled the contention that the verdict was contrary to the evidence.[1]
After the trial court had instructed the jury on the law of the case and the jury had retired to consider its verdict, it returned to the court room where the following events transpired:
"The Court: Gentlemen, have you arrived at a verdict?
"The Foreman: No, sir, your Honor. We would like to ask a question.
"The Court: All right, sir.
"A Juror: We seem to be at a stalemate, your Honor. The entire thing seems to hinge on one thing, on whether or not Mr. Schine in the beginning authorized Mr. Zable to sell his hotel, or whether Mr. Zable offered to find a buyer for Mr. Schine's hotel.
"The Court: You will have to gain that from the testimony, gentlemen. I cannot answer your question.
"A Juror: I see what you mean. I don't know what to say, your Honor.
"The Court: Who is the Foreman? Have you selected the Foreman?
"The Foreman: I am supposed to be.
"The Court: Do you think there is any chance of arriving at a verdict should you go back and consider further?
"The Foreman: Well, we can discuss it a little longer and see.
"The Court: All right, sir. You may be excused."
Following this exchange the jury re-entered the jury room and some time later returned with a verdict in favor of the defendant.
Ground seven in the motion for new trial was as follows:
"7. The Court erred in refusing to answer the question of the Juror when the Jury returned to the Courtroom after having been charged, and entered upon its deliberation when the Juror asked the Court:
`We seem to be at a stalemate, your Honor. The entire thing seems to hinge on one thing, on whether or not Mr. Schine in the beginning authorized Mr. Zable to sell his hotel, or whether Mr. Zabel offered to find a buyer for Mr. Schine's hotel.'
and the Court refused an answer."
The order granting the new trial reads as follows:
"That the Motion for New Trial be and the same is hereby granted upon the grounds that it is obvious from the colloquy that occurred between the Jury and the Court, after the Jury had retired to consider the case and returned for further instructions, that the Jury arrived at its verdict by mistake, and misconceived the issues as is apparent by the quotation set forth in the Seventh ground, since it was the contract between Porte and Schine, as representative of the McAllister Hotel, Inc., which was in question and the Court should have answered the Jury accordingly, and the Court feels that he was in error in not instructing the Jury in accordance with their request, and *342 and the verdict therefore is contrary to the Justice of the Cause."
The trial judge concluded, as set out in the order granting the new trial, that the above colloquy occurring between the jury and the court when it returned to the court room convinced him that the jury arrived at its verdict by mistake and misconceived the issues. From this premise the court then proceeds to the conclusion that he was in error in not instructing the jury in accordance with its request and that, therefore, the verdict was contrary to the justice of the cause. The conclusion is invalid because the premise upon which it rests is false and based upon pure guesswork and speculation. This is so obvious from the order itself that it requires little discussion. What transpired after the jury returned to the jury room the record does not disclose. It is highly probable that  among themselves  they resolved the proposition or, on further discussion, were of the conclusion that such question was of no concern in their ultimate verdict. There is no way to know what transpired in their mind or what their mental processes were in arriving at the questioned verdict. Surely there is no way to determine that they arrived at their verdict by mistake or misconceived the issues. Moreover, the law does not permit a juror to avoid his verdict for any reason which essentially inheres in the verdict itself, as that he "did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast."[2] How can it then be logically contended that a trial judge may set aside such a verdict upon his mere assumption that the verdict was a result of a mistake or that the juror misconceived the issues.
This Court has repeatedly held that the question of further instructing the jury when it returns to the court room after the cause had been committed to it rests in the sound discretion of the trial judge.[3] The record fails to show any abuse of that discretion.[4]
The record in this case and the record and decision in its previous appearance in this Court amply support the jury verdict. This being true and no substantial rights of the plaintiff in the trial court having been violated, the action of the trial judge in granting a new trial is a clear abuse of judicial discretion.[5] The order should be set aside and this cause remanded with instructions to enter a judgment in conformity with the verdict of the jury.

On Rehearing Granted
DREW, Justice.
In the first trial of this case, the jury returned a verdict in favor of the broker in the amount of $75,000 allegedly due him for the sale of the McAllister Hotel in Miami. Judgment was entered on the verdict. In disposing of the appeal taken to this Court, we reversed the judgment stating our conclusion "that the record before *343 us fails to sustain the production of a purchaser `ready, willing and able to buy' on terms `acceptable' to the appellant seller. This being so, the allegations of the complaint were not sustained by the evidence." The cause was remanded for a new trial.[1] Following the issuance of our mandate, a second trial was held which resulted in a verdict in favor of the owner. The unsuccessful broker's motion for a new trial was granted and the jury verdict for the owner was set aside and vacated. It is from this order that the present appeal is prosecuted.
After the trial court has instructed the jury on the law of the case and the jury had retired to consider its verdict, it returned to the court room where the following events transpired:
"The Court: Gentlemen, have you arrived at a verdict?
"The Foreman: No, sir, your Honor. We would like to ask a question.
"The Court: All right, sir.
"A Juror: We seem to be at a stalemate, your Honor. The entire thing seems to hinge on one thing, on whether or not Mr. Schine in the beginning authorized Mr. Zable to sell his hotel, or whether Mr. Zable offered to find a buyer for Mr. Schine's hotel.
"The Court: You will have to gain that from the testimony, gentlemen. I cannot answer your question.
"A Juror: I see what you mean. I don't know what to say, your Honor.
"The Court: Who is the Foreman? Have you selected the Foreman?
"The Foreman: I am supposed to be.
"The Court: Do you think there is any chance of arriving at a verdict should you go back and consider further?
"The Foreman: Well, we can discuss it a little longer and see.
"The Court: All right, sir. You may be excused."
Following this exchange the jury re-entered the jury room and some time later returned with a verdict in favor of the defendant.
Ground seven in the motion for new trial was as follows:
"7. The Court erred in refusing to answer the question of the Juror when the Jury returned to the Courtroom after having been charged, and entered upon its deliberation when the Juror asked the Court:
"`We seem to be at a stalemate, your Honor. The entire thing seems to hinge on one thing, on whether or not Mr. Schine in the beginning authorized Mr. Zable to sell his hotel, or whether Mr. Zable offered to find a buyer for Mr. Schine's hotel.'
and the Court refused an answer."
The order granting the new trial reads as follows:
"That the motion for New Trial be and the same is hereby granted upon the grounds that it is obvious from the colloquy that occurred between the Jury and the Court, after the Jury had retired to consider the case and returned for further instructions, that the Jury arrived at its verdict by mistake, and misconceived the issues as is apparent by the quotation set forth in the Seventh ground, since it was the contract between Porte and Schine, as representative of the McAllister Hotel, Inc., which was in question and the Court should have answered the Jury accordingly, and the Court feels that he was in error in not instructing the Jury in accordance with their request and the verdict therefore is contrary to the Justice of the Cause."
*344 The trial judge concluded, as set out in the order granting the new trial, that the above colloquy occurring between the jury and the court when it returned to the court room convinced him that the jury arrived at its verdict by mistake and misconceived the issues. From this premise the court then proceeds to the conclusion that he was in error in not instructing the jury in accordance with its request and that, therefore, the verdict was contrary to the justice of the cause. The conclusion is invalid because the premise upon which it rests is false and based upon pure guesswork and speculation. This is so obvious from the order itself that it requires little discussion. What transpired after the jury returned to the jury room the record does not disclose. It is highly probable that among themselves  they resolved the proposition or, on further discussion, were of the conclusion that such question was of no concern in their ultimate verdict. There is no way to know what transpired in their minds or what their mental processes were in arriving at the questioned verdict. Surely there is no way to determine that they arrived at their verdict by mistake or misconceived the issues. Moreover, the law does not permit a juror to avoid his verdict for any reason which essentially inheres in the verdict itself, as that he "did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast."[2] A trial judge may not set aside a verdict upon his mere assumption, as was done in this case, that the verdict was a result of a mistake or that the juror misconceived the issues.
This Court has repeatedly held that the question of further instructing the jury when it returns to the court room after the cause had been committed to it rests in the sound discretion of the trial judge.[3] The record here fails to show any abuse of that discretion.[4]
The record in this case and the record and decision in its previous appearance in this Court amply support the jury verdict. This being true and no substantial rights of the plaintiff in the trial court having been violated, the action of the trial judge in granting a new trial is a clear abuse of judicial discretion.[5]
In view of our conclusion that the jury verdict must be reinstated for the reasons hereinabove mentioned, we find it unnecessary to discuss the other assignments of error.
The order granting the new trial is hereby reversed and this cause is hereby remanded with instructions to enter a judgment in accordance with the jury verdict hereby reinstated.
Reversed and remanded with directions.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.
*345 THORNAL and ROBERTS, JJ., adhere to original opinion.

On Suggestion of Disqualification
PER CURIAM.
This cause is before the court on the suggestion of John E. Porte, appellee, presented after the last opinion of this court, which was filed 8 July 1960, that Honorable E. Harris Drew, Justice of this court, is disqualified to hear the above cause on the ground of bias in favor of the president of the appellant corporation.
The suggestion has been carefully examined by the other members of the court who are unanimously of the opinion that the suggestion is insufficient as a legal basis for disqualification.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Seven reasons were assigned for granting the motion for new trial, among which were the usual grounds that the verdict was contrary (1) to the law, (2) to the evidence and (3) to the law and the evidence.
[2] The quoted language is taken from Wright v. Illinois & Mississippi Telegraph Company, 20 Iowa 195, 210, quoted with approval by this Court in Marks v. State Road Department, Fla. 1954, 69 So.2d 771, 774-775.
[3] Section 919.05, Florida Statutes, 1957, F.S.A.; Lutins v. State, 1940, 142 Fla. 288, 194 So. 803; Nelson v. State, 1941, 148 Fla. 338, 4 So.2d 375; Brown v. State, 1943, 152 Fla. 508, 12 So.2d 292; Bates v. State, Fla.App. 1958, 102 So.2d 826, certiorari denied, Fla., 106 So.2d 199.
[4] An intelligent answer to the proposition propounded by the jury might well have required the trial judge to have commented on the evidence in the cause, a power which he does not possess.
[5] 23 Fla.Juris. New Trial, para. 11, page 382; Warner v. Goding, 1926, 91 Fla. 260, 107 So. 406; Charlotte County v. Chadwick, 1931, 102 Fla. 163, 135 So. 502.
[1] McAllister Hotel, Inc. v. Porte, Fla. 1957, 98 So.2d 781.
[2] The quoted language is taken from Wright v. Illinois & Mississippi Telegraph Company, 20 Iowa 195, 210, quoted with approval by this Court in Marks v. State Road Department. Fla. 1954, 69 So.2d 771, 774, 775.
[3] Florida Statutes, Section 919.05 (1957), F.S.A.; Lutins v. State, 1940, 142 Fla. 288, 194 So. 803; Nelson v. State, 1941, 148 Fla. 338, 4 So.2d 375; Brown v. State, 1943, 152 Fla. 508, 12 So.2d 292; Bates v. State, Fla.App. 1958, 102 So.2d 826 (certiorari denied Fla. 1958, 106 So.2d 199).
[4] An intelligent answer to the proposition, propounded by the jury might well have required the trial judge to have commented on the evidence in the cause, a power which he does not possess.
[5] 23 Fla. Juris. New Trial, Section 11 (1959); Warner v. Goding, 1926, 91 Fla. 260, 107 So. 406; Charlotte County v. Chadwick, 1931, 102 Fla. 163, 135 So. 502.