HOBSON, Judge.
Appellant was indicted for the first-degree murder of William E. Griffin. The charge was reduced to second-degree murder, trial was held, and the jury returned a verdict finding him guilty of manslaughter. He now appeals from the conviction entered thereon.
Appellant urges as error two matters: (1) the trial court’s failure to grant a mistrial after certain previously admitted medical testimony had been stricken as hearsay; and (2) the trial court’s failure to declare a mistrial upon the jury’s second return to the courtroom without a verdict.
Mr. Griffin’s death occurred five days after he had sustained injuries in an altercation with appellant arising out of his and his wife’s eviction of appellant from their rooming house. During the scuffle Mr. Griffin, who was 81 at the time, had fallen into a reclining position, and appellant had stomped on his chest several times. Mr. Griffin consulted a physician for his injuries, and the physician found that he had sustained one or more broken ribs. Two days later Griffin entered a hospital, where he subsequently died.
Appellant’s first contention of error relates to the testimony of Dr. John Shinner, which was adduced by the prosecution for the purpose of establishing the cause of Mr. Griffin’s death. Dr. Shinner testified that he had performed a routine autopsy on the decedent, which consisted of external and internal examination with the naked eye and of microscopic examination of various body tissues. He stated that his examination had revealed the existence of pneumonia. He also spoke of certain bacteriological tests which had been per *249 formed in the hospital and which also had indicated the presence of pneumonia. Appellant moved to strike as hearsay the portion of Dr. Shinner’s testimony which concerned such laboratory tests. The trial court withheld ruling on the motion and admonished the jury that they might later be instructed to disregard the result of said tests. The direct examination of Dr. Shinner continued, and he testified that in his opinion Mr. Griffin had died of pneumonia and would not have died when he did had he not sustained the broken ribs.
On cross-examination Dr. Shinner admitted that he had neither performed nor supervised the aforesaid laboratory tests, but that they merely had been performed at his request. Appellant thereupon renewed his motion to strike the testimony concerning the laboratory tests. The trial court granted the motion and instructed the jury to disregard the results of said tests. Appellant further moved for a mistrial, on the ground that such an instruction could not cure the harm already done by such testimony. It is the denial of the latter motion which appellant asserts as error.
Appellant argues that the testimony in question may have had an influence on the jury’s conclusion concerning the cause of death and that such possibility itself required the granting of a mistrial. Appellant likewise argues that since this court would have to speculate on the extent of such influence reversal is required.
This contention would have merit had it not been clearly established by other competent evidence that pneumonia had caused Mr. Griffin’s death. The improper admission of evidence does not constitute reversible error where such evidence is merely cumulative of other competent evidence to the same effect. Cf. Atlantic Coast Line R. R. v. Hilborn, Fla.App.1967, 195 So.2d 596, 598; Casso v. State, Fla.App.1966, 182 So.2d 252, 257, cert. denied mem., Fla.1966, 192 So.2d 487; Cesario v. State, Fla.App.1964, 167 So.2d 896, 897; Williamson Candy Co. v. Lewis, Fla.App. 1962, 144 So.2d 522-523. The fact that pneumonia had caused Mr. Griffin’s death was clearly established by the results of the examinations conducted by Dr. Shinner personally. Dr. Shinner stated specifically that even without the benefit of the laboratory tests he could state the cause of death with reasonable medical certainty. He explained that the laboratory tests were “an increment of evidence one way or the other,” i. e., a matter of degree of proof. Consequently, evidence of such tests was merely cumulative of the evidence of the examinations performed by Dr. Shinner personally. Since its admission would not have constituted reversible error even if it had not later been stricken, a fortiori the failure to grant a mistrial, after such cumulative evidence had been stricken and the jury instructed to disregard it, did not constitute reversible error.
In support of his second contention of error appellant alludes to Florida Statutes, Section 54.22 (1965), F.S.A., (repealed by Chapter 67-254, Section 49, effective June 27, 1967, approximately one month after appellant’s trial). Section 54.22 provided:
“When a jury, after due and thorough deliberation upon any cause, shall return into the court without having agreed on a verdict, the court may explain to them anew the law applicable to the case, and may send them out again for further deliberation ; but if they shall return a second time without having agreed on a verdict, they shall not be sent out again without their own consent, unless they shall ask from the court some further explanation of the law.”
Appellant asserts that when the jury below returned to the courtroom for the second time and announced that they were “hopelessly deadlocked,” the trial court violated Section 54.22 by re-reading certain of the charges, even though the jury did not request them, and sending the jury out a third time.
In Brown v. State, 1943, 152 Fla. 508, 12 So.2d 292, the Supreme Court held *250 that the first and second appearances contemplated by Section 54.22 are those made voluntarily by the jury for the purpose of reporting a failure to reach a verdict. 152 Fla. at 510, 12 So.2d at 293. The jury below, upon their first return to the courtroom, said nothing about a deadlock, but merely requested the re-reading of some of the charges. Thus, even if their third departure for deliberations was without their consent (a question which we need not and, thus, do not resolve), they made only one appearance within the contemplation of Section 54.22.
As no reversible error has been demonstrated, the appealed conviction is affirmed.
Affirmed.
LILES, C. J., and ALLEN, J., concur.