OWEN, Judge
(dissenting).
After a jury verdict for the plaintiff, the trial court granted defendant’s motion for new trial on the ground that the court improperly permitted plaintiff’s expert witness to testify as to certain meteorological records which were not introduced into evidence, and in permitting the same expert to express an opinion as to weather conditions at the accident scene based upon such records, and to permit into evidence certain posed photographs offered by the plaintiff for the purpose of showing the lighting conditions at the time of the accident, although the photographs were taken at a different time of the year and under different weather conditions. In entering the order the trial court made no finding that the alleged errors had resulted in a miscarriage of justice.
Assuming that the admission of such evidence was error, a point upon which I express no opinion, it is manifestly clear after an examination of the entire record *17 that the error complained of did not result in a miscarriage of justice. F.S. 1967, Section 59.041, F.S.A. The question of the defendant operator’s visibility as affected by weather and light conditions prevailing at the time of the accident, did not relieve him of the duty to maintain a proper lookout ahead. There is ample support in the record of this case, aside from the challenged evidence, to establish defendant’s negligence. This being true and no substantial rights of the defendant in the trial court having been violated, the action of the trial judge in granting a new trial is a clear abuse of judicial discretion. Mc-Allister Hotel, Inc. v. Porte, Fla.1960, 123 So.2d 339. The order should be set aside and this cause remanded with instructions to enter a judgment in conformity with the verdict of the jury.