218 So.2d 188 (1969)
Eli GATLIN, As Father of Albert Gatlin, Deceased Minor, and Eli Gatlin, Individually, Appellants,
v.
JACOBS CONSTRUCTION CO., a Delaware Corporation, Appellee.
Eli GATLIN, As Administrator of the Estate of Albert Gatlin, Deceased Minor, Appellant,
v.
JACOBS CONSTRUCTION CO., a Delaware Corporation, Appellee.
Nos. 1605, 1606.
District Court of Appeal of Florida. Fourth District.
January 10, 1969.
Rehearing Denied February 18, 1969.
*189 William Whitaker and Karl O. Koepke, of William Whitaker & Associates, Orlando, for appellant.
Leon H. Handley and Fred M. Peed, of Gurney, Gurney & Handley, Orlando, for appellee.
CROSS, Judge.
The appellants-plaintiffs, Eli Gatlin, individually, and Eli Gatlin, as Administrator of the Estate of Albert Gatlin, deceased minor, appeal an order vacating and setting aside judgments entered pursuant to a jury verdict and granting to the appellee-defendant, Jacobs Construction Co., a new trial in a wrongful death and survival action, which cases were consolidated on appeal. We reverse.
On January 16, 1965, Albert Gatlin, a 12-year-old son of the plaintiff, Eli Gatlin, was killed when a stacked panel of unsupported concrete blocks of a theater building under construction in Winter Park, Florida, collapsed and fell on him.
The jury returned a verdict in the wrongful death action in an amount of $50,000, and in the survival action in an amount of $1,885. Final judgments were entered pursuant to these verdicts.
Thereafter defendant, Jacobs Construction Co., filed motion for a new trial. The trial judge, after hearing on the motion, granted a new trial and vacated the judgments. It is from this order the appeal is taken.
Plaintiff contends that it was an abuse of judicial discretion for the trial court to grant the defendant a new trial.
In reviewing an order granting a new trial, we are limited to a consideration of the ground specified in the order by the trial judge. Sections 59.06(1) and 59.07(4), *190 F.S. 1967, F.S.A. Leonetti v. Boone, Fla. 1954, 74 So.2d 551. The order sets forth as grounds for granting the new trial that "counsel for the Plaintiff in closing argument made improper prejudicial and inflamatory statements, contrary to the Court's ruling and admonitions, which influenced the jury and caused them to consider matters which were not properly before them."
We are mindful and cognizant that a stronger showing of abuse of discretion is required to reverse an order granting a new trial than one denying it. Mead v. Bentley, Fla. 1952, 61 So.2d 428. But where, as here, the question is one strictly of law uncontaminated with factual conflict, the area of discretion is drastically diminished. The broad discretion rule, as allowed trial judges in granting a new trial, has the most far-reaching effect in situations where the new trial has been granted on evidentiary grounds such as the verdict being against the manifest weight of the evidence. Cloud v. Fallis, Fla. 1959, 110 So.2d 669. Conversely, the most limited application is when the new trial is awarded on a non-evidentiary ground. McAllister Hotel, Inc. v. Porte, Fla. 1959, 123 So.2d 339; Nabelski v. Turner, Fla.App. 1965, 173 So.2d 729. It is of course elementary that opening statements and closing arguments of counsel do not constitute evidence. Collins Fruit Company v. Giglio, Fla.App. 1966, 184 So.2d 447; 88 C.J.S. Trial § 161.
The discretion of the trial court to set aside a verdict and grant a new trial is not an unabridged discretion, but is a discretion guarded by the legal and moral convictions that mold the acceptable concept of right and justice. It is well established in Florida that an order granting a new trial can be reviewed and compared to the record for the purpose of ascertaining whether the exercise of judicial discretion implicit in the order has been abused. Russo v. Clark, Fla. 1962, 147 So.2d 1. Where the record in the case amply supports the jury verdict and no substantial rights of the defendant have been violated, the action of the trial judge in granting a new trial is an abuse of judicial discretion. McAllister Hotel, Inc. v. Porte, supra.
Turning now to the order granting the new trial, it would serve no useful purpose to set forth herein the trial court's full comments, findings and opinion as to what was determinative of improper, prejudicial and inflammatory statements the court considered to have misled or adversely affected the jury. Suffice it to say, the trial court in its order granting the defendant a new trial set forth that, "One cannot state that the verdict standing alone is clearly excessive. * * *
"* * *
"On the question of liability, this Court is in complete agreement with the jury. The Plaintiff showed negligence on the part of the Defendant."
From the foregoing it affirmatively appears the jury verdict or the determination of liability was not influenced as stated in the grounds granting the motion for new trial.
In addition, we have made an examination of plaintiff's entire closing argument in light of the evidence and the issues in the case. We also examined defendant's closing argument. In every instance where defense counsel made appropriate objection to the argument, the court sustained the objection and instructed plaintiff's counsel accordingly. At no time did defense counsel move the court to instruct the jury to disregard the argument. At no time did the defense counsel move for a mistrial. Other alleged improper remarks were not objected to and hence are not a valid basis for seeking a new trial unless they could be said to be of such a prejudicial character that no amount of objection or instruction to the jury could eliminate the prejudicial effect. Seaboard Air Line Railroad Company v. Strickland, Fla. 1956, 88 So.2d 519. The record amply supports the jury verdict and no substantial rights of the defendant have been violated. *191 The action of the trial judge in granting a new trial was an abuse of judicial discretion.
Accordingly, the order granting a new trial is reversed and the cause is remanded to reinstate the jury verdict and enter judgments thereon.
Reversed and remanded with directions.
OWEN, J., concurs.
HENSLEY, ROBERT E., Associate Judge, dissents with opinion.
HENSLEY, ROBERT E., Associate Judge (dissenting).
I must dissent.
The opinion of the majority of the court in this cause first attempts to limit the discretion of the trial court on the ground that the order for a new trial was based on a non-evidentiary ground. I cannot agree that the "non-evidentiary ground" rule cited applies to the trial courts determination of whether or not there was improper, prejudicial and inflammatory statements made by counsel in closing arguments, which influenced the jury. Rulings on such matters properly fall within the broad discretion rule because they are certainly more susceptible to review by the trial court who actually heard the statements, was able to observe the jurors and is in a better position to determine both their prejudicial nature and their effect upon the jury.
The majority opinion next recites, from the order granting a new trial, that the trial court set forth "One cannot state that the verdict standing alone is clearly excessive. * * *
"* * *
"On the question of liability, this Court is in complete agreement with the jury. The Plaintiff showed negligence on the part of the Defendant. * * *"
and then concludes that from these findings, as a matter of law, "uncontaminated with factual conflict," it affirmatively appears that the jury verdict was not influenced. If the trial court had used the words "[not] clearly excessive" to mean that the verdict had not been influenced, I might agree. However, the lower court, by its order, clearly found that the verdict had been influenced by the improper conduct of counsel. The order stated:
"The over-all effect of the argument was clearly couched with an invitation to punish the Defendant through the size of its verdict. One cannot state that the verdict standing alone is clearly excessive. On the other hand, it stands as one of the highest verdicts in an action of this kind and the size of the verdict, in all likelihood, was influenced by the argument presented. The verdict appears to this Court to contain a punitive element, which it cannot do.
"The Court does not feel that its admonitions to the jury or its charges to the jury were sufficient to correct the effect of the prejudicial argument.

"* * *.
"The grounds for granting the motion is that counsel for the Plaintiff in closing argument made improper prejudicial and inflamatory statements, contrary to the Court's ruling and admonitions, which influenced the jury and caused them to consider matters which were not properly before them." (Emphasis added.)
It is the duty of the lower court to see that all parties to a cause have a fair and impartial trial. When an attorney has been found by the court to have made an improper, prejudicial and inflammatory argument which was intended to, and did, influence the jury to punish the Defendant by its verdict and caused them to consider matters which were not properly before them, it is not only the court's right, *192 but its duty, to grant a new trial. Although I feel that this rule of law is so well established as to require no citation of authority, it has been held that where improper remarks are made which are of such character that neither rebuke nor retraction may entirely destroy their influence, a new trial should be granted even though the argument was not objected to, and further, in such case, it was not necessary to decide whether or not such remarks resulted in an excessive verdict. Carlton v. Johns, Fla.App. 1967, 194 So.2d 670. In the case of Ridarsick v. Amirkanian, Fla.App. 1962, 147 So.2d 580, the trial judge found "that matters extraneous to the issues to be tried * * * were put before the jury * * * which may have improperly influenced and prejudiced this jury * * *." (Emphasis added.) The appellate court held that this stated a sufficient ground for the granting of a new trial.
Our Supreme Court has stated again and again that the granting of a new trial upon matters that can only be properly judged by the court who tried the case, is best left to such court and should not be disturbed on appeal.
The remarks complained of can only be construed to have pictured to the jury that the Defendant was a rich out of state corporation that cared only for profit, was not concerned with the safety of the people of the community, that because of such unconcern it had carelessly killed the decedent, the only way this corporation could be made to be concerned about lives instead of dollars was to let it know by the size of the verdict, and lastly, invited the jury to value the life of the decedent by the value they would place upon the life of their own child or grandchild. These remarks were made over repeated objections by cousel and admonitions by the court.
I find no abuse by the trial court of its broad discretion which it exercized in granting a new trial in this case.