PER CURIAM.
The appellants were charged by information with the crime of sexual battery. On being tried together before a jury, each was found guilty of the lesser included offense of assault with intent to commit sexual battery. Each was so adjudged by the court, and sentenced to imprisonment for a period of five years.
On this appeal therefrom by the defendants, they contend they were denied a fair trial because on the last day of the case, when the jury was given the case for decision in the afternoon, the jury was required to continue their deliberations into the evening until shortly before midnight, when they returned the verdict; and contend the court erred, in charging the jury, by including among the lesser included offenses charged, the offense of assault with intent to commit sexual battery.
On consideration of the record, briefs and argument, we hold no reversible error has been shown.
On the day on which the verdict was reached, the jury retired at 3:50 P. M. to consider the case. At 6:45 P.M. the jury returned to the courtroom, and in response to their request certain charges were reread. The foreman of the jury stated that the decision was difficult and that he could not say they were making “absolute progress”. He stated one of the ladies “has expressed to me that they are very exhausted, headaches and whatnot”. The foreman suggested they might reach a decision more quickly “if we rested, ate, just meditated”. The trial judge stated to them that he did not want to force the jury, and suggested that they take a recess, and use the telephone, and that he would let the bailiff take them to dinner.
Thereupon, after some additional instructions were read as requested, the jury returned to the jury room at 6:55 P. M.
At 8:50 P. M. the jury returned to the courtroom. When asked if they had reached a verdict, the foreman said they had not. When the jury was asked by the judge if they were ready to go to dinner, the foreman replied that they were deadlocked 50-50, on the question of whether they would go to dinner. After some further discussion of that feature the jury decided to go to dinner. At that point a woman juror stated “Then we will come back. But we feel we can’t make a decision because we are very strong against or for. Some are very strong for one side and some are very strong for the other side”. The foreman informed the court that someone was lying 'but the jurors did not know who, that it was just testimony against testimony, etc. And a woman juror then said “We’re a little tired”.
Before sending the jury out to dinner with the bailiff the judge stated to them “After you have had an opportunity to rest and refresh yourselves, you will then be able to within a reasonable time, to see if you can reach a verdict in the case. I feel that you have worked long, and I’m opposed to sequestering the jury, putting them up in a room someplace or keeping everything as is until you come back tomorrow, if it can be avoided, so I am going to adopt this procedure”. Following those proceedings the jurors went out for dinner in charge of the bailiff.
After returning from dinner the jury resumed deliberations, and returned a verdict at 11:05 P. M. finding each of the defendants guilty of the lesser included offense of assault with intent to commit sexual battery.
We do not regard the handling of the jury by the court in this instance to have been such as to require the granting of a new- trial. There was no occasion to declare a mistrial. The situation did not indicate there was no reasonable probability of reaching a verdict. Rule 3.560 RCrP. The jury reported difficulty in reaching a decision but did not represent to the court that a verdict could not be reached on further deliberation. Under *87 standably some of the jurors were tired, but the conclusion of the trial judge that after a dinner recess and rest they should resume deliberation for a reasonable time, was not an abuse of judicial discretion. Brown v. State, 152 Fla. 508, 12 So.2d 292. The court did not inform the jury that they must reach a verdict, nor did the court otherwise coerce them with reference thereto. He informed the jury he did not wish to force them in that regard. See State v. Bryan, Fla.1974, 290 So.2d 482; Bryan v. Wainwright, 5 Cir. 1975, 511 F.2d 644. We hold to be without merit the appellants’ contention that the court committed reversible error by including, over objection, as a lesser included offense in charging the jury, the offense of assault with intent to commit sexual battery. After the charges were given, the court asked counsel for the parties if they had any objection thereto, to which counsel replied in the negative. Moreover, the giving of a charge on that lesser included offense was not improper. See State v. Washington, Fla.1972, 268 So.2d 901.
The judgments are affirmed.