430 So.2d 989 (1983)
Michael LANE, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2202.
District Court of Appeal of Florida, Third District.
May 10, 1983.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
*990 Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
We find no merit in either of Lane's contentions on appeal from his armed robbery conviction. First, while some evidence that the car he was found driving several days after the robbery belonged to the victim was incorrectly admitted hearsay,[1]Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981), rev. denied, 411 So.2d 384 (Fla. 1981), the error was completely harmless in the light of other overwhelming, concededly accurate, admissible evidence that this was true. Harris v. State, 414 So.2d 242 (Fla. 3d DCA 1982); Culberson v. State, 210 So.2d 248 (Fla. 2d DCA 1968), cert. denied, 218 So.2d 171 (Fla. 1968). Second, we do not find that the asserted improprieties in the prosecutor's final argument require a new trial. Nelson v. State, 416 So.2d 899 (Fla. 2d DCA 1982); Williams v. State, 425 So.2d 591 (Fla. 3d DCA 1982).
Affirmed.
NOTES
[1] The prosecutor asserted the contrary under an apparently-self-created but hitherto and hereafter unknown "BOLO exception" to the hearsay rule.