553 So.2d 1304 (1989)
Bobby PRINGLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2643.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE, and GERSTEN, JJ.

OPINION ON MOTION FOR REHEARING AND CLARIFICATION
GERSTEN, Judge.
On appellant's motion for rehearing and clarification, we deny the motion for rehearing and grant the motion for clarification only to the extent that we agree with appellant that there was no objection by appellant to the hearsay testimony given by the detective. We therefore withdraw our opinion issued September 26, 1989 and substitute in its stead the following amended opinion.
Appellant, Bobby Pringle, charged with one count of aggravated assault and one count of aggravated battery, appeals his conviction for aggravated assault, discharging a firearm in public, and improper exhibition of a firearm. We affirm in part and vacate in part.
The victim of the shooting for which the appellant was convicted, left his apartment very early one morning and entered his car. As he began driving away, he observed a stopped car and two men standing nearby. One of the two men, the appellant, brandished a gun and approached the victim. Appellant, believing that the victim did not belong in the apartment complex, asked the victim, "what are you doing around my apartment?" The victim advised appellant that he also lived in the complex.
Appellant fired the gun in the air. Attempting to escape, the victim drove towards the exit and then heard three more shots, one of which struck him in the shoulder. The victim gave police a general description of the car where the appellant was standing.
An investigating police detective located a car matching the description given by the *1305 victim. The apartment complex manager advised the detective that the car was being used by the appellant. A radio computer check revealed that the car was owned by appellant's mother. The detective then contacted the appellant at his apartment and the appellant agreed to go to the police station to give a taped statement.
In this statement, the appellant indicated that he had been working the night of the shooting when he received a call from his girlfriend who told him that she thought someone was tampering with the door to their apartment. The appellant then drove to the apartment complex with two or three friends, where he questioned a man to determine if he actually lived there. In the statement, the appellant admitted to firing two shots in the air but stated that one of his friends had fired the other three shots.
At trial, the detective recounted, without objection, the statement of the apartment manager and the result of the computer check as to the ownership of the appellant's car. The appellant objected to the admission of the taped statement on the sole ground that there was insufficient evidence of corpus delicti. The court admitted the taped statement.
The appellant was convicted of the aggravated assault count and two counts of lesser included offenses of the aggravated battery count, to wit, discharging a firearm in public and improper exhibition of a firearm. The court sentenced the defendant on the aggravated assault conviction but imposed only one sentence on the two lesser charges.
The appellant contends that the entire conviction must be reversed because the trial court committed fundamental error in allowing two inadmissible pieces of evidence  the only evidence connecting the appellant to the crime  to be admitted: the hearsay testimony regarding the ownership of the car involved in the incident; and, the appellant's taped statement without any authentication or identification.
The testimony as to the car's ownership was hearsay and improperly admitted. Lane v. State, 430 So.2d 989 (Fla. 3d DCA 1983); Postell v. State, 398 So.2d 851 (Fla. 3d DCA), review denied, 411 So.2d 384 (Fla. 1981). However, the admission of the hearsay testimony was harmless error in that appellant gave a statement freely admitting discharging the firearm. See Lane v. State, 430 So.2d at 990; Harris v. State, 414 So.2d 242 (Fla. 3d DCA 1982); Culberson v. State, 210 So.2d 248 (Fla. 2d DCA), cert. denied, 218 So.2d 171 (Fla. 1968)
The issue regarding the admission of appellant's taped statement was not preserved for review because no contemporaneous objection was entered as to its authenticity or identification. See Williams v. State, 414 So.2d 509 (Fla. 1982); Castor v. State, 365 So.2d 701 (Fla. 1978); State v. Giardino, 363 So.2d 201 (Fla. 3d DCA 1978).
Appellant also contends, and the state concedes, that the trial court erred in imposing three separate convictions, where two of them constituted lesser included offenses of the one count for aggravated battery. We therefore remand with instructions that the conviction for one of the lesser included offenses of the aggravated battery count be vacated. Affirmed in part, vacated in part, and remanded.
NESBITT, J., concurs.
COPE, Judge (specially concurring).
The admission of the typed statement and the admission of the testimony regarding the ownership of the car do not rise to the level of fundamental error, which must be an error of such magnitude as to constitute a denial of due process. See Ray v. State, 403 So.2d 956, 960 (Fla. 1981). See generally Clark v. State, 363 So.2d 331, 333 (Fla. 1978). The case primarily relied on by defendant, Wright v. State, 348 So.2d 26 (Fla. 1st DCA), cert. denied, 353 So.2d 679 (Fla. 1977), is inapposite. There the foundation of the State's case was evidence which was simply not competent. Here there is no such deficiency. The deficiencies *1306 complained of in the present case are ones which, had there been timely objection below, would have been susceptible of being cured by the State. The error cannot be said to have been fundamental.