HENRY HALL AND JAMES JONES v. STATE.

160 So. 511.

Division A.

Opinion Filed April 5, 1935.

*George S. Okell,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—Freddie Ezra Arvinger, James Jones and Henry Hall were jointly indicted for murder in the first degree. Upon a trial they were found guilty and sentenced to State Prison for murder in the second degree. Writ of error brings the several judgments against Hall and Jones here for review.

One alleged procedural error is assigned as to the denial of accused's right of argument which, under a proper reser-

vation of an exception to the court's ruling complained of, might be held to constitute a reversible error. We find, however, that the assignment of it in the record is not legally supported by any appropriate exception taken during the trial to warrant allowance of the same on the instant writ of error.

The statute, Sections 8385-8386 C. G. L., 6080-6081 R. G. S., securing to an accused defendant's attorney the right to make the closing argument to the jury in any criminal trial where such defendant offers no testimony in his own behalf, except his own, is a salutary and remedial rule of procedure designed to vest in the *defendant* on trial (not in the lawyers representing him) a substantial, procedural right. So considered, the trial court has no legal sanction for depriving a defendant of such right merely because a particular defendant may have employed for his own defense an attorney who also happens to simultaneously represent a separate defendant being jointly tried with him.

By the defendant's statutory right to the closing argument to the jury under the above sections of the statute is meant the right to have his counsel make an argument to the jury after the State's counsel has fully completed all of his own arguments against him as one of the defendants on trial in a case wherein he has offered no testimony except his own. This right, as has just been said, is not lost to a *defendant* merely because his attorney happens to also represent a joint defendant who has not earned the same statutory right to have his own counsel as such make a closing argument to the jury. Especially is this true as to a defendant in a case where the State, over such defendant's objection, has insisted on a joint trial of several defendants and has urged upon the trial court its denial of a motion for a severance made by such defendant.

But in order to make the point of denial of the right to a closing argument available as error, the injured defendant must have tendered and been refused the right to have his counsel make a closing argument subsequent to a closing argument against him made for the prosecution. And in the event of his being denied, he must then and there have noted a proper exception to the court's ruling in denial. Complaint by exception to the denial of a motion for a new trial embracing such ground where no earlier exception has been noted to support it, comes too late for appellate review.

Exceptions to rulings of a trial court should be taken and noted at the time the ruling complained of is made, so that the trial court may be thereby warned of an intention to predicate an appeal thereon and be given an opportunity to correct or cure any error it has made by reversing its ruling should it upon further consideration decide so to do. An appropriate exception is also required to be timely interposed in order that opposing counsel may for his own protection in the event of a favorable judgment, consent to a reversal of any erroneous ruling the trial judge may have on his insistence and over the opposite party's objection of protest. There are exceptions to this rule of course, but the present case falls within none of them. See 2 R. C. L., pars. 68-70, pages 92 to 96.

In the present case the Court has also considered certain alleged errors assigned on rulings of the Court complained of as unduly restricting the defendant's *voir dire* examination of jurors, the Court's refusal to read the indictment to the jury when requested to do so after the Court's written charge had been delivered, and its denial of a motion for severance as well as its denial of a motion for a new trial after verdict was rendered.

The motion for severance was properly denied on authority of Roberson v. State, 40 Fla. 509, 24 Sou. Rep. 474; Daniels v. State, 57 Fla. 1, 48 Sou. Rep. 747; Sawyer v. State, 100 Fla. 1603, 132 Sou. Rep. 188; Palmer & Heidt v. State, 106 Fla. 237, 143 Sou. Rep. 126, 145 Sou. Rep. 69.

The refusal of the trial court to read the indictment to the jury was properly denied when not requested before the Court had concluded his final charge to the jury which the statute requires to be delivered wholly in writing in capital cases. Section 8397 C. G. L., 6092 R. G. S. For anything that appears to the contrary, the judge may have permitted the jury to take the indictment to the jury room with them. Such would have been proper procedure, and if same was followed, it is obvious that no harm was done by the Court's refusal to read the indictment to the jury under the circumstances appearing in this case.

Freddie Arvinger has failed to prosecute any writ of error to review the judgment against him. As to the plaintiffs in error, James Jones and Henry Hall, a majority of the Court are of the view that the nature of the evidence against them was of such unreliable and inconclusive character to show their guilty participation with Freddie Ezra Arvinger in the commission of the homicide of which Arvinger was admittedly the actual perpetrator, that the ends of justice require the award to these defendants of a new trial. Ryals v. State, 112 Fla. 4, 150 Sou. Rep. 132; Callaway v. State, 112 Fla. 599; 152 Sou. Rep. 429.

Reversed as to Henry Hall and James Jones and new trial awarded.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL, J., concur in the opinion and judgment.

BUFORD, J., dissents.