MATHEWS, Justice.
In this case the appellant was convicted of armed robbery. There are numerous .assignments of error. Each of them and the record, bearing thereon, as well ás the authorities cited, have been examined with great care.
 It appears that when the appellant testified in his own behalf he gave his name as Paul Mortellaro, Jr. The information, verdict, judgment'and all proceedings refer to him as Paul Mortellaro. He did not request the addition of’ Jr. In the brief filed by the appellant it is now claimed that the -Court committed reversible error because it did not cause to be inserted in the indictment, information and record .the letters “Jr.”, based upon F.S. § 906.08 (5), F.S.A. There was no complaint during the trial and there is no assignment of error based upon’this- omission. We are-not authorized to consider an error unless it is the basis of an assignment of error. It appears that the information and all other documents in the record ’ contained the surname of the appellant and “one or more given names” as provided by F.S. § 906.08, F.S.A. The record discloses that *816 the individual charged with the commission of the crime was the individual who pleaded not guilty and who testified in his own behalf. Even though he may be generally known as Paul Mortellaro, Jr., and his father is known as Paul Mortellaro, no reversible error is shown as to the omission of “Jr.”, and the failure to make a correction by the trial Judge does not constitute reversible error as to the appellant. We are not authorized to adjudicate the rights of the appellant’s father who is not a party to this proceeding.
Appellant assigns as error the cross-examination of the appellant with reference to a “papa wheel”. The record shows that appellant did object to the cross-examination on the ground that it was not in cross of anything brought out on direct examination.
The appellant voluntarily took the witness stand and on direct examination the following questions were asked and answers given ■
“Q. And tell the jury what you were doing.? A. I 'was building a wall and á table.
“Q. What kind of a table? A. It was supposed to be a papa wheel table.
,.,“Q. And a papa wheel is what? A. It’s • a big wheel that’s got numbers on it and. spin it and it’s got a needle and wherever it stops, whatever number comes out, that’s the winner.
“Q. Papa wheel is a gambling device? A. Yes, sir.
“Q. And you were building a table to put the wheel on? A. That’s right.
.■ “Q. Did you ever operate a papa wheel ? A. Have I operated a papa wheel before?
“Q. Did you operate the papa wheel? A. No, sir.
“Q. That day, was any papa wheel operating, that day? A. No, sir.
“Q. Was it? A. No.
“Q. You were just building it? A. Just building it.”
The first time we find “papa wheel” in the record is from the above testimony of the appellant, which was given on direct examination, and such testimony fully justified every question propounded by the State on cross-examination with reference to the “papa wheel”.
We have carefully examined the entire record in this case and it does not appear that any error was committed which injuriously affects the substantial rights of the appellant. F.S. § 924.33, F.S.A.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.