THOMAS, Justice.
The appellant was charged in an information with having assaulted a female more than ten years of age with intent to rape her. Upon appellant pleading not guilty and waiving his right to trial by a jury, the testimony was heard by the Judge of the Criminal Court of Record who found the appellant guilty and imposed a sentence of fifteen years at hard labor in the state penitentiary.
On appeal the case has been presented by the Public Defender of Dade County, Florida.
According to the story of the prosecu-trix, she left the home where she lived with her husband and two children shortly before eleven o’clock at night to go to a grocery four blocks away, to get some bread and milk or orange juice. Adjoining the grocery store was a bar. In the bar she saw her brother and sister-in-law and three other persons, including the appellant, celebrating a birthday anniversary. She joined them, stayed two hours and drank three glasses of beer. She said she did not know the appellant, but she had spoken to him in the same place on prior occasions.
To continue the story, as the prosecutrix was leaving, the appellant asked her to take him to the place in an industrial area where he had sleeping quarters. Although it was two miles distant she agreed and they started on their way.
When they arrived at appellant’s quarters, located in the loft of a building similar to a warehouse to which entrance was made through a door “like a garage door,” the appellant made advances to her. When she rebuffed him, he grabbed her by the wrist, and held her until they were outside the car, and when she attempted to escape, he *613 bit her under the jaw and knocked her down. Then he dragged her across gravel to the door of the building meanwhile telling her she would have to submit to his desires. At the door she, someway, got hold of a plank and held it while she screamed and begged him to release her. She swore that “he started to choke [her] and slap [her] across the face.”
In the scuffle she lost her glasses, her shoes and the keys to her car. Finally she escaped and, barefoot, ran home, a distance of about two miles where she reported her experience to her husband.
It is argued on behalf of the appellant that the evidence was insufficient to establish beyond a reasonable doubt the intent to commit rape because the gravamen of the offense is the intent with which such an assault is made and the appellant was not proved to have possessed the intention to “consummate the [crime] regardless of resistance and want of consent.” He admitted he was “[t]rying to make her.” He denied that he hit her. His explanation of her behavior after their arrival at the place where he was living was most improbable. He said she wished to see the interior of the building and as he pushed the door open she turned away, caught one foot, lost both shoes, fell on the gravel and dropped her glasses. While he was inside for the purpose of getting a flashlight to help her find the glasses, she disappeared. He did not bother to explain why she left her shoes, her glasses, her keys, and, of course, her car, and fled while he was on such an innocent mission.
We think that the rule announced in Davis v. State, 22 Fla. 633, which appellant cites does not require a reversal of the judgment on the ground that there is a “reasonable hypothesis upon which the circumstances are consistent with the prisoner’s innocence * * ” We find the facts in this case not only consistent with guilt but inconsistent with innocence. The man’s actions echoed in his admission on the witness stand that he entertained a passion for the prosecutrix, established the intent he had in his mind when he grappled with her.
It is also argued in appellant’s behalf that he desisted without “ouside interference and with no unusual resistance by the female.” The case of Roundtree v. State, Fla., 43 So.2d 12, is cited in support of the principle that an offender capable of abandoning an evil plan should be encouraged by the knowledge that he will be relieved of responsibility if he desists before “ ‘any evil consequences * * * ensue.’ ” But in that case we pointed out that mere abandonment even without outside interference is not enough. The motive for it must be taken into account. The appellant, according to the testimony, the judge obviously believed, did not abandon his plan either because of noble motive or outside interference. His intended victim simply escaped.
There is no occasion to apply the principle here. The facts do not warrant it. We. might ask what the defendant abandoned. He did not abandon the assault. That hacl already been made. True he did not go further and commit rape but he deserves no credit for that failure for the reason that he was not charged with rape, but only with an assault while he entertained the intention of commiting it.
Affirmed.
DREW, C. J., ROBERTS, J., and KNOTT, Associate Justice, concur.