ANDREWS, Judge.
This is an appeal by the defendant Ellis A. Todd from an order denying post-conviction relief under Criminal Procedure Rule One, F.S.A. ch. 924 Appendix, without a hearing.
Todd was convicted by a jury of assault with a deadly weapon; to-wit, shooting one Franklin D. Clark with a pistol.
Defendant was arraigned in open court and pleaded not guilty. He was represented by counsel of his own selection, both at the arraignment and trial. After the trial but before judgment and sentence, his counsel was appointed Assistant State Attorney. At the time the sentence was pronounced, defendant was represented by another counsel of his own selection. The record shows that he was advised that he could request the disqualification of the State Attorney or any of his Assistants to represent the State at the time the judgment was pronounced and sentence imposed. After a conference with his attorney he waived objection to the State Attorney’s office representing the State at said proceeding. The record further shows that the defendant had a long conference with the attorney selected and retained for him by his family the night before he was sentenced. It has been held that where a defendant retains his own counsel he waives the right to question the competency of that counsel. Everett v. State, Fla.App.1964, 161 So.2d 714.
A careful review of the motion, files and record, including the transcript of the testimony at the time of the sentencing of the defendant, shows conclusively that the prisoner was entitled to no relief and, therefore, no hearing was necessary. Wade v. State, Fla.App.1965, 177 So.2d 695, Case No. 5690, Opinion filed June 3, 1965.
Affirmed.
SMITH, C. J., and SHANNON, J., concur.