WIGGINTON, Acting Chief Judge.
Appellant was informed against, tried by a jury, and convicted for the offense of assault with intent to commit rape. From the judgment and sentence based upon the verdict of guilty, this appeal is taken.
Appellant first questions the sufficiency of the evidence to sustain his conviction. It is conceded by both parties that the gravamen of this offense is the intent with which the assault is made; and the intent in such case must b.e shown to have so possessed' the accused that his determination was to consummate the rape regardless of resistance and want of consent.[1]
Appellant contends that the only reasonable inference which may be drawn from the evidence is that his intent was merely to obtain the victim’s consent to his intercourse, and. when he became convinced that such consent would not be given, he voluntarily desisted without any outside interference or unusual resistance on the part of the victim. Under these circumstances he asserts his rightto acquittal as a matter of law on the authority of the Dannelley case, supra, and Roundtree v. State.[2] However, in the St. Giorge case,[3] the Supreme Court held that in cases of this kind the mere abandonment of the effort to commit the rape is not enough, but the motive for the abandonment must be taken into account.
Without reciting the sordid details shown by the evidence, we deem it sufficient to say that the transcript of the trial proceedings has been carefully read and considered and we find competent and substantial evidence from which the jury could have lawfully concluded that appellant1 committed an assault upon the victim in this case with the intent of having sexual relations' with her regardless of resistance and want of consent. The evidence is equally susceptible of the conclusion that appellant did not voluntarily abandon his professed intent to force the victim to submit to his demands because of any noble motive, but because he feared that to proceed further toward a consummation of his evil design would pose a threat to his own safety. The inferences deducible from the evidence were consistent with the reasonable hypothesis of appellant’s guilt and were resolved by the jury under appropriate instructions of the court.
We have, also carefully considered the motion of appellant for a new trial grounded upon evidence alleged to have been newly discovered, but are of the view that it is so lacking both in character and quality that it fails to establish appellant’s right to a new. trial as a matter of law, and the trial, court’s denial of the motion is not shown to constitute an abuse of discretion.
’ The judgment appealed is accordingly affirmed. : ■ ;
CARROLL; DONALD K., J., and TAYLOR, HUGH M., Associate Judge, concur.

. Dannelley v. State, 80 Fla. 773, 87 So. 44.

. Roundtree v. State (Fla.1949), 43 So.2d 12.

. St. Giorge v. State (Fla.1956), 92 So.2d 612.