PER CURIAM.
The appellant, Malcolm Roberts, appeals a judgment and sentence thereon entered in the Criminal Court of Record for Dade County, Florida. He was informed against, tried, adjudged guilty and sentenced on two counts. The first count was upon a charge of conspiracy to commit grand larceny; the second count was for grand larceny. This appeal is a companion to the appeal of Louis Nash, Case No. 65-506, opinion filed this date. For the sake of brevity, we will not repeat the outline of the evidence set forth in that opinion.[1] The appellant, Roberts, has presented five points for reversal.
Appellant’s first point is:
“WHETHER THE TRIAL JUDGE ERRED IN FAILING TO GRANT APPELLANT, MALCOLM ROBERTS, A NEW TRIAL WHERE HIS CONVICTION WAS BASED, AT LEAST IN PART, ON THE CONTENTS OF A PRE-TRIAL STATEMENT, ADMITTED OVER OBJECTION, AND AS TO WHICH UNREBUTTED EVIDENCE PROVES WAS OBTAINED BY THREAT OF PHYSICAL HARM ?”
The testimony of Roberts as to threats made in order to induce him to confess is as follows:
“Q. Did you discuss the case with them at that time?
A. Very little. Detective Rein took me around the corner into another room. He told me to remove my glasses.
Q. Mr. Rein did?
A. Detective Rein, that’s right.
Q. Go ahead.
A. And he told me he was going to put me through the wall unless I answered some questions on this case.
Q. Did he? Did he hit you?
A. I took my glasses off.
Q. Go ahead.
A. And he moved , right up to me.
Q. Did you answer any questions?
A. Did I answer any questions at that time?
Q. Yes.
A. No, sir.
Q. Even though he threatened to put you through the wall?
A. That’s right.
Q. Who else was present when he threatened to put you through the wall?
A. Detective Rein took me out of the room that I was originally in with *394 Captain Sandstrom and Detective Kogan, and took me around a corner to an isolated room.
* * * * * *
Q. Now, did this occur, this threat by Detective Rein to send you through the wall, before or after you made a statement ?
A. Before.”
The State does not contend that this testimony is directly refuted in the record. However, it is urged that there was sufficient evidence before the court upon which it could have found that the confession was freely and voluntarily given.
We hold that under the circumstances of this case the testimony above quoted was not sufficient to require, as a matter of law, a finding by the trial judge that the subsequently given confession was involuntary.
Appellant was taken into custody at about 4:00 P. M.; the statement was given at S :35 P. M. on the same day. He was informed of the specific charge against him, and he was advised that any statement would be used against him. He was further advised that he should get a lawyer and a bondsman. In fact, one of the officers called in appellant’s behalf to find out what the amount of the bond would be.
The alleged threat was not accompanied by physical violence. The appellant showed every evidence of being an intelligent and well-informed person. The statement was given in a room in which there were several persons, and the appellant does not state that he was ever in fear, either at the time of the alleged threat or at the time of the statement. See Frazier v. State, Fla.1958, 107 So.2d 16. Cf., Harrison v. State, 152 Fla. 86, 12 So.2d 307 (1942).
Appellant’s points III and IV are directed to the sufficiency of the evidence. The appellant and the State are in substantial agreement upon the facts shown by the record. Appellant’s confession does not establish that he committed the crime of grand larceny, but it is sufficient, when taken with other facts in the record, to support his conviction of conspiracy to commit grand larceny. The confession establishes that he: (1) conveyed messages between two persons concerning a “business deal” which he suspected was illegal; (2) received $300 for delivering a bag containing $1,000. In addition, two witnesses testified as to appellant’s participation in the scheme; their testimony in this regard is that Roberts made several telephone calls to Rosen, one of the active participants in the crime, and that Roberts received $300.00 from him.
There is no doubt from this record that a conspiracy to commit grand larceny existed, and this conclusion m?y be reached without reference to the confessions of appellant’s co-conspirators. There is sufficient evidence to connect Roberts with the conspiracy. The appellant was cognizant of a criminal intent, and by his continued participation he became criminally liable. See Pine v. United States, 135 F.2d 353 (5th Cir.1943); 15 C.J.S. Conspiracy § 39. Cf. Myers v. State, 43 Fla. 500, 31 So. 275 (1901). We find the evidence sufficient to support the conclusion of the jury that appellant’s actions were inconsistent with any reasonable hypothesis of innocence. Cf. State v. Trafficante, Fla.App.1961, 136 So.2d 264.
Upon the other hand we do not find the evidence sufficient to convict this appellant of grand larceny. The conviction upon the grand larceny count must be reversed upon authority of the rule in Ricard v. State, Fla.App.1966, 181 So.2d 677.
 The last point to be considered is appellant’s contention that the court erred in permitting the jury to take informations into the jury room without first deleting the names of other defendants who were not being tried. It is proper for the judge to permit the jury to take the information to the jury room. See Hall v. State, 119 *395 Fla. 38, 160 So. 511 (1935); Fla.Stat.1963, § 919.04, F.S.A.; annot. 120 A.L.R. 463. No case has been cited which creates an exception when other defendants, not being tried, are included in the indictment or information. In addition, the appellant fails to show how he was in any way prejudiced by the action of the trial judge. See Lamb v. State, 90 Fla. 844, 107 So. 530 (1925).
The judgment and sentence of the appellant Malcolm Roberts for the crime of conspiracy to commit grand larceny is affirmed. The judgment and sentence of appellant Malcolm Roberts for the crime of grand larceny is reversed and he is discharged therefrom.
Affirmed in part and reversed in part.

. See Nash v. State, Fla.App.1966, 188 So.2d 391.