CARROLL, Judge.
The appellant was found and adjudged guilty of the crimes of aggravated assault and resisting arrest with violence to the person of the arresting officer, following a non-jury trial in the criminal court of record in Dade County. On the first offense he was sentenced to three years confinement in the state penitentiary, less 48 days he had remained in jail prior to sentence. He was sentenced to confinement for a similar period on the second offense. However, the maximum sentence provided in the statute (§ 843.01 Fla.Stat., F.S.A.) for the latter offense was two years.
In the filing and presentation of this appeal the defendant was represented by the public defender for Dade County. On behalf of the appellant it is contended, first, that the trial court erred in depriving defendant of the right and privilege of oral argument at the close of the case; second, that the court erred in denying defendant’s motion for a new trial based on proffered newly discovered evidence; and, third, that the sentence imposed was unlawful.
Our disposition of this appeal requires that we consider only the first contention. At the end of the presentation of evidence, which included testimony by the defendant, the trial court called certain other witnesses who were present and heard their testimony. The court then recalled the defendant for further testimony, after which the court inquired whether there was any further evidence to be put on. The state responded that nothing further was to be presented. Thereupon the defendant himself commenced to address the court, and was interrupted by the court announcing adjudication of guilt of the offense of aggravated assault. The defendant then attempted a further statement, saying: “If you will give me a chance- — ,” and was in *27 terrupted by the court by a statement of adjudication of guilt of the offense of resisting an officer with violence. A further effort of the defendant to make statements or argument was terminated by reiteration of the court that it was entering an adjudication of guilt and by pronouncement of the sentences.
It would serve no useful purpose to quote the colloquy between the defendant and the court as it appears in the record. The record does not show any waiver of argument by the state or by defendant’s counsel.
It is clear from the record that a reasonable opportunity to permit argument was not afforded. The state contends that what the defendant did say shows he was pleading for clemency and not attempting to argue his case. We do not so interpret the record. The defendant in his attempted statements made reference to certain facts bearing on the merits. Moreover, matters relating to mitigation and extenuation were proper to be argued to the trial court which was hearing the case without a jury. As the attempted argument by the defendant was interrupted by the court, there is no way to know what the substance of his intended argument would have been.
In the case of Floyd v. State, Fla.1956, 90 So.2d 105, 107-108, the Supreme Court said:
“In the orderly procedure of a trial the defendant should be given the opportunity to offer evidence until he announces that he has no further evidence or that he rests his case. After resting his case he should be given the opportunity of arguing his case either personally or through his counsel. He should not be adjudged guilty until he has rested and has been given the opportunity of arguing his case.
******
“While the learned trial judge might well have heard a sufficient amount of evidence to convince him of the guilt of the defendant, and we do not pass on the sufficiency of the evidence to support the adjudication of guilt, nevertheless the defendant had a right to offer such additional evidence as he wished until he announced he had completed his case. He also had the right to argue his case to the court either personally or through his attorney.”
For the reason stated we reverse the judgments appealed, and remand the cause for new trial.