PER CURIAM.
Appellant was charged in an information with the offense of robbery. After trial by jury he was convicted of the lesser included offense of assault with intent to commit robbery, and was sentenced to serve a term of imprisonment in the state prison. It is from that judgment of conviction and sentence that this appeal is taken.
Appellant presents two points on appeal for our consideration. By his first point appellant contends the court erred in refusing to grant his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Appellant contends that there is a complete absence of evidence on one or more of the material elements of the offense with which he was charged which required the rendition of judgment in his favor. Secondarily, he asserts that even if the record contained some evidence either directly or inferentially supporting the elements of the offense for which he was convicted, the verdict is nevertheless contrary to the manifest weight of the evidence and should be set aside. We have carefully reviewed the record and find therein competent and substantial evidence supporting each of the elements of the crime of assault with intent to commit robbery. The credibility of the witnesses and the weight to be accorded their testimony is an exclusive function of the jury with which an appellate court will seldom interfere except in clear and. palpable cases.[1]
By his second point on appeal it is contended by appellant that the court erred in instructing the jury on the offense of robbery with which he was charged in the information. It is our view that the evidence, if believed by the jury, would have been sufficient to sustain a conviction of robbery instead of the lesser included offense of assault with intent to commit robbery. For this reason it is our view that the court was wholly justified, if not required, to instruct the jury with regard to the offense of robbery. Appellant’s point on this aspect of his appeal appears to us to be without substantial merit and must be rejected.
The judgment appealed is affirmed.
RAWLS, Chief Judge, and WIGGIN-TON, and CARROLL, DONALD K., JJ., concur.

. Lee v. State, (Fla.App.1963) 153 So.2d 351.