PER CURIAM.
The appellant was informed against, tried and convicted of the crime of possession of marijuana. Sentence of confinement in the state penitentiary for three years was imposed. Appealing, the defendant contends the trial court committed reversible error in denying his motion to suppress evidence seized by arresting officers, on the ground that the evidence was the fruit of an unlawful arrest.
The defendant was arrested by a City of Miami detective and a federal narcotics agent on a warrant for his arrest for sale of narcotics. The arrest took place in the rear section of his shoe parlor, used by the defendant as living quarters. That portion of the store was partially separated from the front portion by a partition extending three fourths of the width of the premises. Upon entering and proceeding to the rear of the (open) shoe parlor or store, the fact that the partition left the rear portion open *486 to the extent of one fourth of the width of the premises enabled the officers to observe the defendant seated on a couch there. They then made the arrest, and upon search of the area found the marijuana which subsequently became the subject of the defendant’s motion to suppress.
The appellant relies on Benefield v. State, Fla. 1964, 160 So.2d 706. We do not consider that case applicable or controlling on the facts presented here. Nor was § 901.19 (1), entitled “Right of officer to break into building,” required to be invoked. This was not an instance of a closed premises, nor one where admittance was refused. The shop was open to the public, and the rear portion in which the storekeeper lived was not disconnected or separated by a door or other closure. On the facts disclosed by the record we are not persuaded that the trial judge committed error in denying the motion to suppress.
Affirmed.