203 So.2d 10 (1967)
Ernest E. WILLOUGHBY, Appellant,
v.
The STATE of Florida, Appellee.
David BRADLEY, Jr., Appellant,
v.
The STATE of Florida, Appellee.
Willie HOWARD, Appellant,
v.
The STATE of Florida, Appellee.
John St. ROBERTS, Appellant,
v.
The STATE of Florida, Appellee.
John JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 66716, 66732, 6779, 67177, 67201.
District Court of Appeal of Florida. Third District.
October 10, 1967.
Robert L. Koeppel, Public Defender and Marvin J. Emory, Jr., Asst. Public Defender, for appellants.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
PER CURIAM.
These five appeals present a single question. In each instance the defendant-appellant was convicted of a felony in the Criminal Court of Record of Dade County, Florida. The issue presented in each appeal is whether the judgment is erroneous and must be reversed for a new trial because the record does not affirmatively show that the defendant was accorded and waived the opportunity to present argument at the close of the non-jury trial.
The appellants rely upon Floyd v. State, Fla. 1956, 90 So.2d 105. See also Ruffin v. State, Fla.App. 1967, 195 So.2d 26. It is urged that the language of the Supreme Court in the Floyd opinion requires the record to affirmatively show that the defendant was tendered the opportunity to present closing argument.
In each of the cases before us, the record does show that after resting his case, the defendant was adjudged guilty. In no instance was the question now presented to this appellate court presented to the trial court by a request for closing argument, an objection to the alleged denial of such, a motion for a mistrial or a motion for a new trial. We think that under these circumstances, the question may not be presented for the first time upon appeal.
See Dukes v. State, 148 Fla. 109, 3 So.2d 754 (1941); § 924.11, Fla. Stat. (1965), F.S.A. Rule 6.7(g), Florida Appellate *11 Rules, 32 F.S.A. Cf., Hall v. State, 119 Fla. 38, 160 So. 511.
The judgment and sentence is affirmed in each of the above appeals.
Affirmed.