207 So.2d 513 (1968)
James W. FARRINGTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-156.
District Court of Appeal of Florida. Third District.
March 5, 1968.
*514 Donald Barmack, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf and Arthur L. Rothenberg, Asst. Attys. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The appellant was found guilty after a non-jury trial of (1) violation of § 849.09(1) (d) Fla. Stat., F.S.A., which is aiding or assisting in the setting up, promoting or conducting a lotttery, and of (2) violation of § 849.09(1) (h), which is possession of lottery tickets. Count I is a felony and appeal has been filed to this court. Count II is a misdemeanor; a conviction under that subsection is appealable to the circuit court.
Appellant has presented three points. The first urges that the trial court committed reversible error when he proceeded immediately from a hearing on a motion to suppress evidence to an adjudication of guilt without allowing the appellant time *515 to offer additional evidence or make concluding argument. The second point urges that the search of the premises was illegal and that the trial court erred in failing to suppress the evidence which was seized pursuant to the search. The third urges that the evidence was insufficient to sustain the judgment of guilty for aiding in or conducting a lottery.
Appellant makes his main argument under Point I. He urges that he was deprived of a substantive right because the court announced its ruling upon the motion to suppress and then adjudicated the appellant guilty without hearing additional evidence. He argues that he was deprived of the right to offer additional evidence and to argue his case. The minutes of the trial court reveal that the court consolidated the hearing on the motion to suppress the evidence with the trial in chief. The transcript of the testimony taken at the trial does not refer to this ruling. In his argument before this court, appellant urges that as a matter of fact no such ruling was made.
It is established that in order to be entitled to a reversal, it is incumbent upon the appellant to present a record showing a basis for reversal. Faulkner v. State, 146 Fla. 769, 1 So.2d 857 (1941); Belfield v. Lochner, Fla.App. 1964, 162 So.2d 668. If there are errors or omissions in the record, or the record does not speak the truth, the burden is upon the appellant to apply to the trial judge for the correction of the record. See Singelton v. State, Fla.App. 1966, 183 So.2d 245. We therefore hold that we must accept the record, including the minutes of the court, which is the record proper, as speaking the truth pertaining to the occurrences at the trial.
The appellant does not urge that he was surprised or forced to a trial before he was prepared. He urges only that precipitous action of the trial judge in announcing his decision may have deprived him of the right to argue his case. In this connection the record shows that counsel for appellant voiced no objection to the procedure employed. The position of the State is that appellant's claim that he was prejudiced is strictly an afterthought. This position is supported by the fact that the record before us shows that appellant originally retained his trial counsel to prosecute the appeal. A motion for new trial was filed but trial counsel did not raise the ground that he was precluded from offering evidence or that he was denied the right to argue the case, nor did he include these grounds in his assignment of errors first filed. It was only when new appellate counsel was substituted that these points were raised by the filing of additional assignments of errors with the permission of this court.
The Supreme Court of Florida in State v. Jones, Fla.1967, 204 So.2d 515, 517 has recently had occasion to deal with a similar situation. In that case appellant's counsel did not object to what may have been a prejudicial statement by the State Attorney in his argument to the jury. In that case the court held:
"Such procedure is unmindful that an important function of an attorney in a trial is to assist the court. It is the judge's responsibility to supervise the trial. If counsel performs his duty and promptly calls attention to remarks of the prosecutor which he considers prejudicial the court can excuse the jury, hear from both sides and forthwith take appropriate action if the remark in fact is found to be improper. See Rogers v. State, 158 Fla. 582, 790, 30 So.2d 625."
The court concluded by stating:
"It has been suggested that some courts today seem to be preoccupied primarily in carefully assuring that the criminal has all his rights while at the same time giving little concern to the victim. Upon the shoulders of our courts rests the obligation to recognize and maintain a middleground which will secure to the defendant on trial the rights afforded *516 him by law without sacrificing protection of society. As Mr. Justice Cardozo explained in Snyder v. Commonwealth of Mass., 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674, 687:
`But justice, though due to the accused is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.'
"The Court now recants the statement of the exception upon which respondent relies and henceforth will review challenged argument of prosecutors only when an objection is timely made."
We think that the reasoning of the Supreme Court, as applied to improper argument of prosecutors, is applicable to the situation now before us. Counsel for appellant may not stand idly by and fail to even comment upon a procedure which he now argues is prejudicial. See Hall v. State, 119 Fla. 38, 160 So. 511 (1935); Willoughby v. State, Fla.App. 1967, 203 So.2d 10. We therefore hold that appellant has not shown reversible error upon his first point.
Appellant's second point, which goes to the validity of the search, is without merit because the record shows that the officers were lawfully on the premises at the time of the search and that the lottery tickets were in open view. The appellant was arrested for the possession of the lottery tickets prior to the search which revealed additional lottery paraphernalia. See Boynton v. State, Fla. 1953, 64 So.2d 536; Joyner v. City of Lakeland, Fla. 1956, 90 So.2d 118; see also Hutchinson v. State, Fla.App. 1967, 201 So.2d 485.
Appellant's third point which urges that the evidence is insufficient is likewise without merit. See Lopez v. State, Fla. 1953, 66 So.2d 807.
The appeal from the conviction upon Count I is affirmed and this appeal is transferred to the circuit court for disposition of the appeal from the conviction on Count II.
Affirmed and transferred to the circuit court.