PER CURIAM.
The defendant, Cress Joseph Walker, has appealed from his judgment of conviction for the crime of robbery.
He asserts that there is insufficient evidence to support the guilty verdict. An examination of the record reveals that there was sufficient, competent evidence to sustain the guilty verdict entered by the trial judge. See Kraai v. State, Fla.App.1967, 200 So.2d 267; Jones v. State, Fla. App.1966, 192 So.2d 285; Spataro v. State, Fla.App.1965, 179 So.2d 873; and Bass v. State, Fla.App.1965, 172 So.2d 614.
The defendant seeks reversal on the ground that the trial judge deprived him of the opportunity to properly proceed and to a final closing argument. This argument is without merit inasmuch as there was no timely or proper objection lodged in the trial court. Hall v. State, 119 Fla. 38, 160 So. 511 (1935); and Willoughby v. State, Fla.App.1967, 203 So.2d 10.
The defendant also argues that he was denied his right to effective, competent counsel in the trial court. The State responds to this argument by pointing out that the defendant failed to raise this point by any assignment of error. The assignments of error filed herein do not reflect an assignment which would support this point on appeal. We are not authorized to consider error, except fundamental, unless it is the basis of an assignment of error. See Mortellaro v. State, Fla.1954, 72 So.2d 815; Belger v. State, Fla.App.1965, 171 So.2d 574.
Defendant claims that he has discovered new evidence subsequent to the filing of his brief and that this constitutes sufficient grounds for reversal and for a new trial. There is no indication in the record on appeal that the defendant made a motion for a new trial in the trial court. We also find that the “newly discovered evidence” could have been discovered before the trial ended by the exercise of due diligence. This does not, therefore, constitute sufficient grounds for reversal. 23 Fla.Jur. New Trial § 64. The judgment herein appealed be and the same is, therefore, '
Affirmed.