THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EDDY A. ÁLVAREZ DE JESÚS, Defendant and Appellant.

No. CR-69-81.  Decided June 4, 1970.

*Julio Fernández Cabrera* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellant was convicted of murder in the first degree. The jury's verdict was unanimous. He was also found guilty of a violation of § 4 of the Weapons Law. He was sentenced to

life imprisonment. For the charge of carrying and use of prohibited weapons, he was sentenced to serve one year in jail.

He alleges that the trial court erred (1) in reading the information during the instructions to the jury, (2) in asking questions and making comments during the proceeding, which prejudiced the jury, and (3) in allowing a person to preside the jury when he was the uncle-in-law of the prosecuting attorney who was acting in the hearing of the case. Finally, he alleges that the verdict is not supported by the evidence. No law or any other authority in support of one or more of the alleged errors has been adduced. On the contrary, these assignments are not supported by the facts or by law either.

Pursuant to the evidence for the prosecution, appellant and Carmen Busanét had an argument in relation with the use of a water hose at a public faucet in the neighborhood. Her uncle, Ángel Rodríguez, intervened. Appellant went back to his house, telling Rodríguez to wait for him. He returned with a knife, pushed Rodríguez and wounded him. The latter fell face downwards. Carmen Busanét's testimony to that effect was corroborated by another witness who testified that Rodríguez fell face upwards and then appellant "turned him and began to hit him . . . stabbing him . . . he was like squatting over him. . . ." Epifania Jusino testified for the defense that after the argument Carmen went to look for her uncle; that while the latter and appellant were struggling, Carmen went to her house and brought the knife and began stabbing appellant and that the latter shielded himself with the body of the deceased; that appellant and Carmen were wounded, and that the second witness for the prosecution was not there. Epifania Jusino's husband identified the knife as one which was used in Busanét's business.

1.—It is true that the trial judge began to charge the jury by reading the information to them. But he instructed amply and correctly about the possible verdicts, the presumption of innocence, reasonable doubt, weighing of the evidence, settling

conflicts in the same, and finally, at the defense's request, he corrected his instruction about homicide.

In *People* v. *Santos*, 87 P.R.R. 593, 600 (1963), the trial judge, in his instructions, followed the words in the information, but added at the end the phrase "as they did" which constituted an improper personal weighing. Then we did not sanction the actual reading of the text of the information, but the personal observation of the court that the offense was committed.

In *People* v. *Arce Rodríguez*, judgment of February 9, 1966, we stated that a secretary's error in reading the word "subsequently" did not prejudice defendant in any manner due to the force and clearness of the evidence for the prosecution.

■ It has been held that it is not improper to read the information to the jury, even several times during the trial and in the course of the instructions. *Sylvia* v. *State*, 210 So.2d 286, 288 (Fla. 1968); *State* v. *Johnson*, 126 So.2d 797 (La. 1967); *State* v. *Alfonsi*, 147 N.W.2d 550 (Wis. 1967); *Williams* v. *Beto*, 354 F.2d 687 (5th Cir. 1966); *State* v. *Taylor*, 217 A.2d 1, 11 (N.J. 1966); *United States* v. *Press*, 336 F.2d 1003, 1016 (9th Cir. 1964). In *People* v. *Rainey*, 36 Cal. Rptr. 291 (1964), it was ruled that the reading of the information in instructions to the jury was entirely proper. In *State* v. *Gilmore*, 81 S.W.2d 431 (Mo. 1935), it was stated that a court is not required, of its own motion, to charge that the information is not considered as evidence, but that if the defendant requests the instruction, the court should give it.

■ Appellant had ample opportunity to raise this question before the trial court in the same manner that he was successful in procuring the amendment by the court of its instruction about the offense of homicide. In failing to do so he waived any errors in the instructions which did not impair his fundamental rights. *People* v. *Del Valle*, 91 P.R.R. 167 (1964).

■ 2.—Our examination of the transcript of the evidence leads us to conclude that the assignment that the trial court intervened in the examination of the witnesses in a manner prejudicial to the appellant lacks merit.

The trial judge intervened repeatedly to clarify situations and facts and to decide contentions in many occasions favorably to appellant. On other occasions he intervened to avoid questions already asked or incidents between the prosecuting attorney and the defense. Although on some occasions the trial judge made unnecessary comments as that of qualifying as "bombardment" the examination of a witness by the defense, which the court clarified that "that is not in detriment of the counsel," it has not been shown, nor have we found, that they had such a prejudicial scope as to deprive appellant of a fair and impartial trial. *People* v. *Martínez Santiago*, 91 P.R.R. 853 (1965); *People* v. *Díaz Díaz*, 91 P.R.R. 737, 740 (1965); *People* v. *Aletriz*, 85 P.R.R. 621 (1962).

3.—It is alleged that the verdict in this case is contrary to law and to the evidence introduced.

■ In support of this assignment, appellant indicates that Carmen Busanet's testimony was unsure, prejudiced, and interested, because the deceased was her uncle; that from her testimony and from the evidence for the defense it arises that the knife was hers; that she brought it from her house and that in attacking appellant with said weapon, she stabbed the deceased, wounded appellant, and wounded herself; that the testimony of the witnesses for the prosecution was conflicting in relation to the position of the victim when he was stabbed by appellant.

It is true that the evidence was conflicting, but we do not find that the jury acted with passion, prejudice, or partiality in settling the conflict and in weighing the same. As we said in *People* v. *Ramos*, 35 P.R.R. 699 (1926), "Contradictions of this kind between honest witnesses of a party are so frequent in criminal and accident cases as to be practically

the rule. It is exceptional to find the witnesses on one side agreeing as to details. Complete agreement is much more likely where the witnesses are coached."

4.—Appellant assigned that the trial court erred in allowing Raúl Roig to act as juror and as foreman of the jury, when said gentleman was the uncle-in-law of the prosecuting attorney who represented The People of Puerto Rico in the hearing of the case. This assignment has been withdrawn by the defense, as it was determined afterwards that said relationship does not exist.

In view of the foregoing, the judgment rendered in this case by the Superior Court, Ponce Part, on January 29, 1968, should be affirmed.

The Chief Justice and Mr. Justice Santana Becerra did not participate herein.