298 So.2d 545 (1974)
James Elmore STAPLES, Appellant,
v.
STATE of Florida, Appellee.
No. 74-107.
District Court of Appeal of Florida, Second District.
August 7, 1974.
James A. Gardner, Public Defender, Sarasota, and Durand James Adams, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant contends that the court below erred in denying his application for post-conviction relief without the granting of a hearing. His main argument concerns the fact that the state made the concluding argument at his 1968 trial even though he did not testify in his own behalf.
No objection was made to the order of closing argument. The failure to permit a defendant to have the concluding argument when he does not testify constitutes reversible error, but only when the point is preserved on appeal. Hall v. State, 1935, 119 Fla. 38, 160 So. 511; see Willoughby v. State, Fla.App.3rd, 1967, 203 So.2d 10.
*546 Even perceiving appellant's contention to be the deprivation of effective assistance of counsel rather than the right to close, he does not make a claim of constitutional magnitude which may be reached under Rule 3.850, Cr.P.R.[1] Counsel's failure to urge appellant's right to concluding argument did not deprive him of a fair trial. In many jurisdictions, criminal defendants never have this right. The fact that appellant was not accorded the opportunity to argue last was not fundamental error. Hence, there is no need for a hearing below.
The order is affirmed.
MANN, C.J., and BOARDMAN, J., concur.
NOTES
[1] The fact that appellant was represented by private counsel offers an additional basis upon which we could reject his claim. Cappetta v. Wainwright, Fla. 1967, 203 So.2d 609; Dickenson v. State, Fla.App.3rd, 1972, 261 So.2d 561; Frizzell v. State, Fla.App.2d, 1968, 213 So.2d 293; Todd v. State, Fla App.2d, 1965, 176 So.2d 344; Everett v. State, Fla.App.3rd, 1964, 161 So.2d 714. But see West v. Louisiana, 478 F.2d 1026 (5th Cir.1973).