361 So.2d 802 (1978)
Robert Anthony FLOYD, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2702.
District Court of Appeal of Florida, Third District.
August 8, 1978.
Rehearing Denied September 8, 1978.
Miller & Russell, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and KEHOE, JJ.
PER CURIAM.
The defendant, Robert Anthony Floyd, was found guilty by a jury of burglary. This appeal presents two points: (1) That the trial court erred in allowing into evidence two oral statements made to a police *803 officer at the scene of the crime where the substance of the statements were not revealed by the State upon demand for discovery. (2) That the evidence is insufficient to sustain the verdict because the intent to commit a felony in the dwelling was not proved.
The evidence at trial revealed that the defendant, a friend and neighbor of the intended victim, telephoned the victim, a young woman who was alone in her home, and wanted to have sexual relations with her. He forced open the locked door to her residence, tearing off a bolt lock in the process, and broke open the locked bedroom door, shattering the door in the process. He was shot and wounded by the intended victim and was arrested shortly thereafter.
Two statements that were made by the defendant to police officers at the police station were admitted into evidence after the denial of defendant's motion to suppress. At the hearing on the motion, it was revealed that the defendant had made oral statements to the police at the time of his arrest. At the trial, it appeared that these oral statements were contradictory as to whether the defendant was inside or outside the house at the time he was shot.
The defendant's claim of error upon the admission of the oral statements is predicated upon his demand for discovery and the State's response thereto. The relevant demand made, pursuant to Fla.R.Crim.P. 3.220, was:
"Any oral, written, or recorded statement made by any person to the police, to the State Attorney, or to the grand jury which tends to establish the accused's innocence or to impeach or contradict the testimony of any witness whom the State will call at the trial of the cause."
The State's response was:
"All statements or summaries of statements made by the defendant are available for copying by contacting the undersigned Assistant State Attorney pursuant to Rule 3.220(a)(3)."
At trial, the defendant objected to the introduction of testimony concerning the oral statements on the ground that the State had not made discovery of the statements as required by the rule, although the police officer's name had been furnished as a prospective witness.
Pursuant to the holding in Richardson v. State, 246 So.2d 771 (Fla. 1971), and Fla.R.Crim.P. 3.220(j)(1), the court made inquiry into the surrounding circumstances and determined that the State's noncompliance with the rule (if noncompliance should be found) has not prejudiced the ability of the defendant to prepare for trial properly. The defendant urges that this determination was an abuse of discretion on the part of the trial judge. We hold that the trial judge's decision was not an abuse of discretion because it is apparent from the record that the defense counsel knew or, in the exercise of reasonable diligence, could have discovered the substance of the oral statements made to the police officer. Cf. Kelsey v. State, 267 So.2d 685 (Fla. 1st DCA 1972); and State v. Gillespie, 227 So.2d 550 (Fla. 2d DCA 1969).
The defendant's second claim of error urges that the evidence of intent to commit sexual battery was entirely dependent upon circumstantial evidence which did not preclude the reasonable possibility that the defendant broke into the house for purposes other than sexual battery. It is argued that the familiarity between the defendant and the young woman, although never extending to sexual intercourse, coupled with defendant's testimony that the young woman had said that she would leave "the door unlocked," raised a reasonable hypothesis that the defendant would have desisted in his advances if the young woman had objected.
We hold that the jury could find, as it did, that the hypothesis was unreasonable, in view of defendant's admission that he entered the house to have sexual relations with the young woman, his admitted telephone call announcing his intention, and the fact that he broke down two doors barring his way. See Gilchrist v. State, 177 So.2d 777 (Fla. 1st DCA 1965).
Affirmed.