PER CURIAM.
The defendant was found guilty of two counts of aggravated battery and unlawful possession of a firearm while engaged in a criminal offense. After a non-jury trial, adjudication and sentence, he brought this appeal.
The defendant alleges that (1) his waiver of jury trial was invalid because the trial court and defense counsel erred in failing adequately to ascertain the voluntariness and the understanding character of the waiver, (2) he did not receive a fair trial because the trial court unnerved defense counsel and precluded counsel from making final argument, (3) the verdict was erroneous because the court failed to take into consideration certain facts in the record supporting the defense of self-defense.
An examination of the record in the light of the first point shows clearly that the defendant spoke sufficient English to understand the nature and effect of his waiver of a jury trial. Defense counsel participated in procuring the waiver, requested trial before the judge without a jury and, in response to the judge’s question: “Your attorney wants me to hear the case, is that your desire?” the defendant responded in the affirmative. At no time was it suggested to the trial judge that the procedure utilized to effect the waiver was improper. Accordingly, this point does not *DCCCXVI present error upon appellate review. See Farrington v. State, 207 So.2d 513 (Fla. 3d DCA 1968).
The second point presented is simply not supported by the record. Defense counsel did not request a more extensive argument than that which was afforded by the court. Here again the lack of objection and the failure to present this point to the trial court precludes reversal on appeal. See Walker v. State, 222 So.2d 61 (Fla. 3d DCA 1969).
The final point presented is in reality an attack upon the sufficiency of the evidence. The record shows more than sufficient evidence to support the finding of the court as trier of fact. See Crum v. State, 172 So.2d 24 (Fla. 3d DCA 1965).
Affirmed.